**UNITED STATES of America, Appellee,**

v.

**Luis PLAZA–GARCIA,
Defendant, Appellant.**

**No. 89–1763.**

United States Court of Appeals,
First Circuit.

Heard June 6, 1990.

Decided Sept. 20, 1990.

Stephen J. Weymouth, Boston, Mass., for defendant, appellant.

Jose R. Gaztambide, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, and CAMPBELL, Circuit Judge.

BREYER, Chief Judge.

Luis Plaza Garcia appeals from a 97–month prison sentence imposed by the district court following his plea of guilty to a single count of sexually exploiting a minor. 18 U.S.C. § 2251(a). The following facts are relevant to the disposition of this appeal:

(1) The indictment charged Plaza Garcia with ten counts of sexually exploiting a minor (one count for each of ten minors he photographed), 18 U.S.C. § 2551(a), one count of shipping child pornography in interstate commerce, *id.* § 2252(a)(1), and one count of receiving child pornography in interstate commerce, *id.* § 2252(a)(2).

(2) In a plea agreement accepted by the court, *see* Fed.R.Crim.P. 11(e), Plaza Garcia pleaded guilty to one sexual exploitation offense and the government dropped the remaining eleven charges.

(3) The Probation Officer prepared a pre-sentence investigation report ("PSI") that contained a recommended sentence based on the Federal Sentencing Guidelines. *See* 18 U.S.C. § 3552(b). The report stated, among other things,

(a) that the "base offense level" for sexual exploitation of a minor is level 25. United States Sentencing Commission, *Guidelines Manual*, § 2G2.1(a) (Nov.1989) [hereinafter "U.S.S.G."];

(b) that the defendant deserved a two-level reduction for "acceptance of responsibility." U.S.S.G. § 3E1.1(a);

(c) that the defendant deserved a two-level increase because the victim's young age made him "unusually vulnerable." U.S.S.G. § 3A1.1.

(d) that the resulting offense level, level 25, combined with defendant's "criminal history category," Category I, yielded a sentencing range of 57 to 71 months imprisonment. U.S.S.G. Ch. 5, Pt. A (sentencing table).

(e) that "if the defendant had been convicted on any of the remaining counts, the adjusted offense level would have increased to 30. Hence,

the new guideline imprisonment range would have been from 97 to 121 months as opposed to the 57 to 71 months he is exposed to for having pleaded guilty to" only one count.

(f) that "an upward departure from the established guideline imprisonment range [to 97 months] should be considered."

(4) The PSI was reviewed by the defendant, the defense attorney, and the prosecutor prior to sentencing. No one raised any objection to it in court.

(5) At the sentencing hearing, the court said that the "total offense level was 25" producing a "guideline imprisonment range" of "57 to 71 months," that the "defendant's guilty plea to one count ... does not take into account his constant and deep involvement in the exploitation of ten minors by means of photographs," and that an "upward departure to a guideline range of 97 months was [therefore] warranted." The court sentenced Plaza Garcia to 97 months imprisonment.

■ The government concedes that the PSI's sentencing calculations contain at least two mistakes. The first mistake consisted of the PSI's two-level increase based on the victim's age. Guideline § 3A1.1 provides for a two-level increase if the victim is "unusually vulnerable due to age;" but it also states that no increase is warranted if "the offense guideline specifically incorporates this factor." See U.S.S.G. § 3A1.1, comment. (n. 2). Obviously, the guideline for "Sexual Exploitation of a Minor" specifically incorporates the factor of age. In addition, the guideline provides for a level increase of two if the minor victim is under the age of 12. To increase that guideline's base offense level of 25 by two levels because the victim is a minor (over 12 years old) would be to "double count." If this erroneous two-level increase had not been made, the base offense level of 25, after being reduced by two levels for "acceptance of responsibility," U.S.S.G. § 3E1.1(a), would have become an adjusted offense level of 23, producing a sentencing range of 46 to 57 months imprisonment. See U.S.S.G. Ch. 5, Pt. A (sentencing table).

■ The PSI's second mistake was the statement that if the defendant had been convicted "on any of the remaining counts," his offense level would have increased to 30, yielding a sentencing range of 97 to 121 months. In fact, had the defendant been convicted on, say, only one of the remaining "sexual exploitation" counts, his offense level would have increased only two levels, not five, from a correctly calculated level 23 to level 25. See § 3D1.4 (five-level increase appropriate in sexual exploitation case only if *five or more* minors were victimized). Even if the defendant had been convicted on *all* the remaining "sexual exploitation" counts, his offense level would have increased only five levels, from a correctly calculated level 23 to level 28, producing a guideline sentencing range of 78 to 97 months, not, as the PSI indicated, a range of 97 to 121 months. See U.S.S.G. Ch. 5, Pt. A (sentencing table).

■ We believe that these errors require resentencing. See 18 U.S.C. § 3742(f)(1) (incorrectly calculated sentences must be remanded for resentencing). We concede that where, as here, the district court *departs* from the sentencing guidelines, an error in *applying* the guidelines may sometimes prove harmless; for example, the district court might clearly indicate that the applicable guideline sentencing range had nothing to do with the sentence actually imposed. *Cf. United States v. Diaz–Villafane*, 874 F.2d 43, 48 n. 4 (1st Cir.1989) (when a court departs from the guidelines, "[i]t is ... arguable that any computational error in assigning a total offense level [is] harmless") (dicta). *But see United States v. Roberson*, 872 F.2d 597, 608 (5th Cir.1989) ("[W]hether the court incorrectly determined the recommended range is relevant to our review of a [departure for a] ... sentence that exceeds the Guidelines may look reasonable when compared to one recommended range, but unreasonable when compared to another"). We cannot say the error is harmless here, however, because the court's decision to impose a 97–month "departure" sentence may well have been influenced by the PSI's sentencing recommendation, which itself may well have reflected either or both of the mistakes we

have just described. We also concede that we normally do not take notice of errors that were not called to the attention of the district court. In light of the government's candid acknowledgment that the sentencing calculations were erroneous, however, and the fact that the relative novelty of the guidelines makes an unnoticed mistake understandable, we consider the error here to be "plain." *See United States v. Aponte-Suarez*, 905 F.2d 483, 496 n. 9 (1st Cir. 1990); *United States v. Manuel De La Cruz*, 902 F.2d 121, 122 (1st Cir.1990).

Finally, we call to the court's attention for consideration on remand a guidelines "policy statement" in respect to plea agreements. It says,

> In the case of a plea agreement that includes the dismissal of any charges ... the court may accept the agreement if the court determines ... that the *remaining charges adequately reflect the seriousness of the actual offense behavior ....*

U.S.S.G. § 6B1.2(a) (policy statement) (emphasis added). The court seems to have departed from the guidelines so that defendant's sentence would reflect the conduct charged in the remaining eleven counts of the indictment (counts that were dismissed in exchange for his guilty plea). But if the court believed that defendant's punishment should reflect that conduct, why did it accept the plea bargain in the first place? *See* Fed.R.Crim.P. 11(e)(2) (court may accept or reject a plea agreement).

We are not suggesting that a district court cannot depart on the basis of related conduct that was the subject of dropped charges. *See United States v. Kim*, 896 F.2d 678, 681–84 (2d Cir.1990). After all, in some instances (*e.g.*, in many cases involving drugs or fraud), the guidelines are constructed so that the applicable sentence remains the same even if some charges are dropped. *See, e.g., United States v. Blanco*, 888 F.2d 907, 909–10 (1st Cir.1989); *United States v. White*, 888 F.2d 490, 496–98 (7th Cir.1989). In other instances, a court might discover, perhaps in the presentence report, information about the nature of "dropped charge" conduct that was not available to the court at the time it accepted the plea. Or the court might find

some other legitimate reason not to follow the Commission's "policy statement" respecting plea agreements. *See* 18 U.S.C. § 3553(a)(5) (stating only that a court "shall consider ... any pertinent policy statement issued by the Sentencing Commission"). Regardless of a court's reasons for departing, however, it must state those reasons in open court, *see* 18 U.S.C. § 3553(c)(2), and we must review the departure for reasonableness, *see id.* § 3742(e)(3). We believe the question we have posed should be considered by the district court when it decides whether to depart and when it sets forth its reasons for departing.

*Vacated and remanded for resentencing.*