UNITED STATES of America, Appellee,

v.

Eric JONES, Defendant, Appellant.

No. 93–1189.

United States Court of Appeals, First Circuit.

Submitted May 6, 1993.

Decided July 7, 1993.

---

Stanley W. Norkunas, Lowell, MA, on brief, for appellant.

Peter E. Papps, U.S. Atty., Concord, NH, on motion for summary disposition, for appellee.

Before BREYER, Chief Judge, SELYA and BOUDIN, Circuit Judges.

SELYA, Circuit Judge.

Having pleaded guilty to one count of extortion in violation of 18 U.S.C. § 1951, defendant-appellant Eric Jones now appeals from the imposition of sentence. We affirm.

## I

We succinctly summarize the relevant facts. In May 1991, appellant sought a $5,000 loan from a business acquaintance, John Halle. Halle asked Richard Cyr to make the loan. When Cyr agreed, the parties consummated the transaction. By its terms, the loan was to be repaid in full, with interest of $2,500, within seven days. Although appellant provided security in the form of a United States treasury bond having a face value of $10,000, he failed to repay the loan. When Halle and Cyr contacted a brokerage firm to arrange for a sale of the bond, they discovered that it had previously been stolen.

The Federal Bureau of Investigation (FBI) mounted an inquiry into the theft. Halle and Cyr cooperated. In the course of its investigation, the FBI, with Halle's consent, tape-recorded certain telephone conversations between Halle and appellant. During these calls, which occurred in December 1991, appellant attempted to retrieve the bond. As part of this effort, he implied that bad things would happen to Halle and/or Cyr if they did not return the bond. At one point, appellant stated to Halle that the bond had to be returned by 5:00 p.m. that afternoon or else "someone" would be on Cyr's doorstep at some point during the next few days. Appellant told Halle that he had better leave town for this period of time. He also suggested that Halle warn Cyr.

## II

The sentencing guideline that applies to appellant's offense is U.S.S.G. § 2B3.2 (Nov. 1991). Under this guideline, the base offense level is 18. See U.S.S.G. § 2B3.2(a). At sentencing, the district court made offsetting adjustments. It granted appellant a two-level credit for acceptance of responsibility, U.S.S.G. § 3E1.1, but simultaneously ordered a two-level increase under U.S.S.G. § 2B3.2(b)(1) because the offense conduct involved "an express or implied threat of death, bodily injury, or kidnapping."[1] The court calculated a sentencing range of 27–33 months (offense level 18; criminal history category I) and imposed a 30–month incarcerative sentence. This appeal ensued.

## III

On appeal, Jones challenges only the two-level increase awarded pursuant to section 2B3.2(b)(1). His principal claim is that the district court erred in applying a specific offense characteristic (threat of bodily harm) to effect an upward adjustment in circumstances where the Sentencing Commission had already factored this same conduct into the base offense level. To support this contention, appellant points to the definition of extortion contained in 18 U.S.C. § 1951(b)(2)—"the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence [or] fear...." He asseverates that, under this definition, a "threat" of physical harm, which results in "fear," is an element of the crime; and that, because the caption of

---

1. Section 2B3.2(b)(1) is relatively new. See U.S.S.G.App. C, amend. 366 at 186 (Nov.1991). Prior to this amendment, the extortion guideline did not provide an enhancement for threats of bodily harm and the like. Presumably because of its recent origin, there is no appreciable case-law under section 2B3.2(b)(1).

U.S.S.G. § 2B3.2 also refers to "extortion" by "threat" of injury, the base offense level must, by analogy, incorporate the element of threatened bodily injury. We disagree.

■ Although minations may often accompany an act of extortion, a threat of bodily harm is neither an inherent characteristic nor a necessary concomitant of the crime. Rather, 18 U.S.C. § 1951(b)(2) leaves the dimensions of a fear-producing threat relatively open-ended. That is to say, the statute of conviction criminalizes a wide array of fear-producing threats, *e.g.*, threats to destroy valuable business records, *McLaughlin v. Anderson*, 962 F.2d 187 (2d Cir.1992), or to yank lucrative county contracts, *United States v. Stodola*, 953 F.2d 266 (7th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992), in addition to threats of physical harm.

Moreover, unlike appellant, we do not think it seems at all unusual that the Sentencing Commission, charged with a different function than the Congress, would choose to distinguish among various types of extortion for sentencing purposes and, accordingly, seek to punish extortionists who employ "express or implied threat[s] of death, bodily injury, or kidnapping," *see* U.S.S.G. § 2B3.2(b)(1), with greater severity than other, less callous, practitioners of the same crime. There is not the slightest sign that the Commission had specifically incorporated a threat of bodily harm to the victim's person into the base offense level generally applicable to the offense of conviction. To the exact contrary, the application notes make manifest that the Commission designed the general guideline provision to encompass *all* acts of extortion, not just those in which the victim's life and limb are placed at risk:

> This guideline applies if there was any threat, express or implied, that reasonably could be interpreted as one to injure a person or physically damage property, or any comparably serious threat, such as to drive an enterprise out of business.

U.S.S.G. § 2B3.2, comment. (n. 2); *see, e.g.*, *United States v. Penn*, 966 F.2d 55, 57 (2d Cir.1992) (per curiam) (upholding application of § 2B3.2 in case where defendant, among

other things, "sought to generate fear through ... threat of economic injury").

Having swept broadly in constructing the general guideline, the Commission *subsequently* designed the enhancement provision specifically to target those who made a bad situation worse by using "an express or implied threat of death, bodily injury, or kidnapping" as a tool of the extortion trade. U.S.S.G. § 2B3.2(b)(1). The very fact that the enhancer was added later, and, thus, superimposed upon the general guideline, furnishes potent evidence that the Commission did not intend to implement the analogy which appellant struggles to draw.

Appellant's reliance on *United States v. Plaza–Garcia*, 914 F.2d 345 (1st Cir.1990), is plainly misplaced. In *Plaza–Garcia*, the defendant pled guilty to one count of sexually exploiting a minor in violation of 18 U.S.C. § 2251(a). The applicable sentencing guideline, U.S.S.G. § 2G2.1(a), provided for a base offense level of 25. The presentence report recommended, and the sentencing judge imposed, a two-level increase because the victim's youth made him "unusually vulnerable" within the meaning of U.S.S.G. § 3A1.1. But, the commentary to U.S.S.G. § 3A1.1 stated specifically that the two-level adjustment for vulnerability due to age does not apply "if the offense guideline specifically incorporates this factor." U.S.S.G. § 3A1.1, comment. (n. 2). Hence, we reversed, reasoning that, because the guideline for sexual exploitation of a minor "specifically incorporates the factor of age," an increase of two levels would constitute impermissible double counting. *Plaza–Garcia*, 914 F.2d at 347. Here, in contrast, the general guideline for extortion, U.S.S.G. § 2B3.2(a), does not specifically incorporate the relevant factor (threatened bodily harm) into the base offense level.

■ We will not paint the lily. Mindful, as we are, that courts should, for the most part, apply the guidelines as written and give effect to the interpretive commentary and application notes, *see, e.g.*, *Stinson v. United States*, — U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993); *United States v. Weston*, 960 F.2d 212, 219 (1st Cir.1992), we conclude, without serious question, that

U.S.S.G. § 2B3.2(a) does not specifically incorporate a threat of bodily harm into the base offense level for extortion and, therefore, the district court did not engage in double counting when it ordered the two-level increase.[2]

## IV

Appellant has a second arrow in his quiver. He maintains that his conduct did not fall within the compendium of aggravating factors represented by the specific offense characteristics listed in U.S.S.G. § 2B3.2(b)(1). This argument will not wash. The district court made its finding that Jones threatened to inflict bodily harm on Halle and Cyr largely on the basis of words spoken by Jones himself and preserved for posterity on magnetic tape. To the extent, if at all, that the threats were inexplicit—and we do not suggest that they were—the sentencing court was nonetheless entitled to draw reasonable inferences and resolve any possible ambiguity against the extortionist. *See* U.S.S.G. § 2B3.2, comment. (n. 2) ("Even if [a] threat does not in itself imply violence, the possibility of violence or serious adverse consequences may be inferred from the circumstances of the threat or the reputation of the person making it."); *see also United States v. Williams*, 952 F.2d 1504, 1514 (6th Cir.1991) (concluding that "implicit threats employed by the defendant" can suffice to bring his case within the ambit of the guideline).

For all intents and purposes, that ends the matter. When a district court's decision to adjust the base offense level is factbound, we review it only for clear error. *See United States v. Savoie*, 985 F.2d 612, 615 (1st Cir.1993); *United States v. Iguaran–Palmar*, 926 F.2d 7, 9 (1st Cir.1991); *United States v. Diaz–Villafane*, 874 F.2d 43, 48 (1st Cir.), *cert. denied*, 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Wright*, 873 F.2d 437, 444 (1st Cir. 1989). Here, appellant admits that he

threatened Halle and Cyr with possible harm if they did not return the bond. Given this undisputed fact, we can hardly say that the district court committed clear error in inferring that the threats involved *bodily* harm and, consequently, in invoking U.S.S.G. § 2B3.2(b)(1). *See generally United States v. Ruiz*, 905 F.2d 499, 508 (1st Cir.1990) (holding that "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous"); *United States v. Tardiff*, 969 F.2d 1283, 1287 (1st Cir.1992) (discussing broad discretion granted district judges "to determine what data is, or is not, sufficiently dependable to be used in imposing sentence").

## V

We need go no further. Because this appeal presents no substantial question, we grant the government's motion for summary disposition and, pursuant to Local Rule 27.1, summarily affirm the judgment below.

*Affirmed.*

---

**2.** In light of this ruling, we need not address whether double counting, had it occurred, would have affected the lawfulness of the sentence. *See generally United States v. Newman*, 982 F.2d 665, 672–73 (1st Cir.1992) (discussing problem and collecting cases); *compare, e.g., United States v. Williams*, 954 F.2d 204, 206 (4th Cir.1992) (approving double counting on the basis that the sentencing guidelines must be "applied as written") *with, e.g., United States v. Hudson*, 972 F.2d 504, 507 (2d Cir.1992) (refusing to accept blanket proposition that "double counting is always permissible, except when explicitly forbidden by the Guidelines").