UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1189

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ERIC JONES,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 

 Selya and Boudin, Circuit Judges.
 

 

 Stanley W. Norkunas on brief for appellant.
 
 Peter E. Papps, United States Attorney, on motion for
 
summary disposition, for appellee.

 

 July 7, 1993

 

 SELYA, Circuit Judge. Having pleaded guilty to one
 SELYA, Circuit Judge.
 

count of extortion in violation of 18 U.S.C. 1951, defendant-

appellant Eric Jones now appeals from the imposition of sentence.

We affirm.

 I

 We succinctly summarize the relevant facts. In May

1991, appellant sought a $5,000 loan from a business

acquaintance, John Halle. Halle asked Richard Cyr to make the

loan. When Cyr agreed, the parties consummated the transaction.

By its terms, the loan was to be repaid in full, with interest of

$2,500, within seven days. Although appellant provided security

in the form of a United States treasury bond having a face value

of $10,000, he failed to repay the loan. When Halle and Cyr

contacted a brokerage firm to arrange for a sale of the bond,

they discovered that it had previously been stolen.

 The Federal Bureau of Investigation (FBI) mounted an

inquiry into the theft. Halle and Cyr cooperated. In the course

of its investigation, the FBI, with Halle's consent, tape-

recorded certain telephone conversations between Halle and

appellant. During these calls, which occurred in December 1991,

appellant attempted to retrieve the bond. As part of this

effort, he implied that bad things would happen to Halle and/or

Cyr if they did not return the bond. At one point, appellant

stated to Halle that the bond had to be returned by 5:00 p.m.

that afternoon or else "someone" would be on Cyr's doorstep at

some point during the next few days. Appellant told Halle that

 2

he had better leave town for this period of time. He also

suggested that Halle warn Cyr.

 II

 The sentencing guideline that applies to appellant's

offense is U.S.S.G. 2B3.2 (Nov. 1991). Under this guideline,

the base offense level is 18. See U.S.S.G. 2B3.2(a). At
 

sentencing, the district court made offsetting adjustments. It

granted appellant a two-level credit for acceptance of

responsibility, U.S.S.G. 3E1.1, but simultaneously ordered a

two-level increase under U.S.S.G. 2B3.2(b)(1) because the

offense conduct involved "an express or implied threat of death,

bodily injury, or kidnapping."1 The court calculated a

sentencing range of 27-33 months (offense level 18; criminal

history category I) and imposed a 30-month incarcerative

sentence. This appeal ensued.

 III

 On appeal, Jones challenges only the two-level increase

awarded pursuant to section 2B3.2(b)(1). His principal claim is

that the district court erred in applying a specific offense

characteristic (threat of bodily harm) to effect an upward

adjustment in circumstances where the Sentencing Commission had

already factored this same conduct into the base offense level.

 

 1Section 2B3.2(b)(1) is relatively new. See U.S.S.G. App.
 
C, amend. 366 at 186 (Nov. 1991). Prior to this amendment, the
extortion guideline did not provide an enhancement for threats of
bodily harm and the like. Presumably because of its recent
origin, there is no appreciable caselaw under section
2B3.2(b)(1).

 3

To support this contention, appellant points to the definition of

extortion contained in 18 U.S.C. 1951(b)(2) "the obtaining of

property from another, with his consent, induced by wrongful use

of actual or threatened force, violence [or] fear . . . ." He

asseverates that, under this definition, a "threat" of physical

harm, which results in "fear," is an element of the crime; and

that, because the caption of U.S.S.G. 2B3.2 also refers to

"extortion" by "threat" of injury, the base offense level must,

by analogy, incorporate the element of threatened bodily injury.

We disagree.

 Although minations may often accompany an act of

extortion, a threat of bodily harm is neither an inherent

characteristic nor a necessary concomitant of the crime. Rather,

18 U.S.C. 1951(b)(2) leaves the dimensions of a fear-producing

threat relatively open-ended. That is to say, the statute of

conviction criminalizes a wide array of fear-producing threats,

e.g., threats to destroy valuable business records, McLaughlin v.
 

Anderson, 962 F.2d 187 (2d Cir. 1992), or to yank lucrative
 

county contracts, United States v. Stodola, 953 F.2d 266 (7th
 

Cir.), cert. denied, 113 S. Ct. 104 (1992), in addition to
 

threats of physical harm.

 Moreover, unlike appellant, we do not think it seems at

all unusual that the Sentencing Commission, charged with a

different function than the Congress, would choose to distinguish

among various types of extortion for sentencing purposes and,

accordingly, seek to punish extortionists who employ "express or

 4

implied threat[s] of death, bodily injury, or kidnapping," see
 

U.S.S.G. 2B3.2(b)(1), with greater severity than other, less

callous, practitioners of the same crime. There is not the

slightest sign that the Commission had specifically incorporated

a threat of bodily harm to the victim's person into the base

offense level generally applicable to the offense of conviction.

To the exact contrary, the application notes make manifest that

the Commission designed the general guideline provision to

encompass all acts of extortion, not just those in which the
 

victim's life and limb are placed at risk:

 This guideline applies if there was any
 threat, express or implied, that reasonably
 could be interpreted as one to injure a
 person or physically damage property, or any
 comparably serious threat, such as to drive
 an enterprise out of business.

U.S.S.G. 2B3.2, comment. (n.2); see, e.g., United States v.
 

Penn, 966 F.2d 55, 57 (2d Cir. 1992) (per curiam) (upholding
 

application of 2B3.2 in case where defendant, among other

things, "sought to generate fear through . . . threat of economic

injury").

 Having swept broadly in constructing the general

guideline, the Commission subsequently designed the enhancement
 

provision specifically to target those who made a bad situation

worse by using "an express or implied threat of death, bodily

injury, or kidnapping" as a tool of the extortion trade.

U.S.S.G. 2B3.2(b)(1). The very fact that the enhancer was

added later, and, thus, superimposed upon the general guideline,

furnishes potent evidence that the Commission did not intend to

 5

implement the analogy which appellant struggles to draw.

 Appellant's reliance on United States v. Plaza-Garcia,
 

914 F.2d 345 (1st Cir. 1990), is plainly misplaced. In Plaza-
 

Garcia, the defendant pled guilty to one count of sexually
 

exploiting a minor in violation of 18 U.S.C. 2251(a). The

applicable sentencing guideline, U.S.S.G. 2G2.1(a), provided

for a base offense level of 25. The presentence report

recommended, and the sentencing judge imposed, a two-level

increase because the victim's youth made him "unusually

vulnerable" within the meaning of U.S.S.G. 3A1.1. But, the

commentary to U.S.S.G. 3A1.1 stated specifically that the two-

level adjustment for vulnerability due to age does not apply "if

the offense guideline specifically incorporates this factor."

U.S.S.G. 3A1.1, comment. (n.2). Hence, we reversed, reasoning

that, because the guideline for sexual exploitation of a minor

"specifically incorporates the factor of age," an increase of two

levels would constitute impermissible double counting. Plaza-
 

Garcia, 914 F.2d at 347. Here, in contrast, the general
 

guideline for extortion, U.S.S.G. 2B3.2(a), does not specifically

incorporate the relevant factor (threatened bodily harm) into the

base offense level.

 We will not paint the lily. Mindful, as we are, that

courts should, for the most part, apply the guidelines as written

and give effect to the interpretive commentary and application

notes, see, e.g., Stinson v. United States, 113 S. Ct. 1913, 1915
 

(1993); United States v. Weston, 960 F.2d 212, 219 (1st Cir.
 

 6

1992), we conclude, without serious question, that U.S.S.G. 

2B3.2(a) does not specifically incorporate a threat of bodily

harm into the base offense level for extortion and, therefore,

the district court did not engage in double counting when it

ordered the two-level increase.2

 IV

 Appellant has a second arrow in his quiver. He

maintains that his conduct did not fall within the compendium of

aggravating factors represented by the specific offense

characteristics listed in U.S.S.G. 2B3.2(b)(1). This argument

will not wash. The district court made its finding that Jones

threatened to inflict bodily harm on Halle and Cyr largely on the

basis of words spoken by Jones himself and preserved for

posterity on magnetic tape. To the extent, if at all, that the

threats were inexplicit and we do not suggest that they were 

the sentencing court was nonetheless entitled to draw reasonable

inferences and resolve any possible ambiguity against the

extortionist. See U.S.S.G. 2B3.2, comment. (n.2) ("Even if [a]
 

threat does not in itself imply violence, the possibility of

violence or serious adverse consequences may be inferred from the

 

 2In light of this ruling, we need not address whether double
counting, had it occurred, would have affected the lawfulness of
the sentence. See generally United States v. Newman, 982 F.2d
 
665, 672-73 (1st Cir. 1992) (discussing problem and collecting
cases); compare, e.g., United States v. Williams, 954 F.2d 204,
 
206 (4th Cir. 1992) (approving double counting on the basis that
the sentencing guidelines must be "applied as written") with,
 
e.g., United States v. Hudson, 972 F.2d 504, 507 (2d Cir. 1992)
 
(refusing to accept blanket proposition that "double counting is
always permissible, except when explicitly forbidden by the
Guidelines").

 7

circumstances of the threat or the reputation of the person

making it."); see also United States v. Williams, 952 F.2d 1504,
 

1514 (6th Cir. 1991) (concluding that "implicit threats employed

by the defendant" can suffice to bring his case within the ambit

of the guideline).

 For all intents and purposes, that ends the matter.

When a district court's decision to adjust the base offense level

is factbound, we review it only for clear error. See United
 

States v. Savoie, 985 F.2d 612, 615 (1st Cir. 1993); United
 

States v. Iguaran-Palmar, 926 F.2d 7, 9 (1st Cir. 1991); United
 

States v. Diaz-Villafane, 874 F.2d 43, 48 (1st Cir.), cert.
 

denied, 493 U.S. 862 (1989); United States v. Wright, 873 F.2d
 

437, 444 (1st Cir. 1989). Here, appellant admits that he

threatened Halle and Cyr with possible harm if they did not

return the bond. Given this undisputed fact, we can hardly say

that the district court committed clear error in inferring that

the threats involved bodily harm and, consequently, in invoking
 

U.S.S.G. 2B3.2(b)(1). See generally United States v. Ruiz, 905
 

F.2d 499, 508 (1st Cir. 1990) (holding that "where there is more

than one plausible view of the circumstances, the sentencing

court's choice among supportable alternatives cannot be clearly

erroneous"); United States v. Tardiff, 969 F.2d 1283, 1287 (1st
 

Cir. 1992) (discussing broad discretion granted district judges

"to determine what data is, or is not, sufficiently dependable to

be used in imposing sentence").

 V

 8

 We need go no further. Because this appeal presents no

substantial question, we grant the government's motion for

summary disposition and, pursuant to Local Rule 27.1, summarily

affirm the judgment below.

Affirmed.
 

 9