56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. JONES, Defendant-Appellant.
 No. 94-6209.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided May 30, 1995.
 
 Richard L. Jones, appellant pro se. Harvey Lee Bryant, III, Assistant United States Attorney, Norfolk, VA, for appellee.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard L. Jones appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255 (1988). His petition alleges several errors concerning the application of the sentencing guidelines. The district court granted Jones's motion in part, but upon reconsideration, denied the motion in its entirety, holding that the guidelines were properly applied. We affirm.
 
 
 2
 Jones pled guilty to a two-count superseding information charging him with conspiracy to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C.A. Sec. 846 (West 1981 & Supp.1984) (Count One), and conspiracy to commit an offense against the United States, in violation of 18 U.S.C. Sec. 371 (1988) (Count Two). Jones's plea agreement contained a provision by which Jones waived his right to appeal his sentence on any ground whatever. Jones does not dispute the validity of this waiver.
 
 
 3
 The court sentenced Jones to sixty months imprisonment on each count, to run concurrently. Jones did not appeal his convictions or sentences. Instead, he filed the instant motion to vacate, set aside, or correct sentence under Sec. 2255.
 
 
 4
 A successful Sec. 2255 motion must demonstrate either: 1) "that the sentence was imposed in violation of the Constitution or laws of the United States," 2) "that the court was without jurisdiction to impose such sentence," 3) "that the sentence was in excess of the maximum authorized by law," or 4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. Sec. 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack where there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States ). Furthermore, if a petitioner could have raised the errors on appeal, but did not, the petitioner must demonstrate sufficient cause for the failure to appeal. Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993).
 
 
 5
 Jones's claims do not implicate the jurisdiction of the sentencing court. Similarly, he cannot claim that the sentences imposed were in excess of the maximum sentences authorized by law. Further, a district court's technical application of the sentencing guidelines does not give rise to a constitutional claim. United States v. Marin, 961 F.2d 493 (4th Cir.1992). Accordingly, for Jones to have a cognizable claim, the alleged errors in sentencing must have resulted in a complete miscarriage of justice. In addition, Jones must make a sufficient showing of cause for his failure to appeal.
 
 
 6
 Although Jones's plea agreement prevented him from appealing, this is not sufficient cause for his procedural default. A knowing and voluntary waiver of the right to appeal is valid and enforceable. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990). Such waivers are designed to preserve the finality of judgments and sentences imposed pursuant to guilty pleas. Jones waived his right to appeal for the purpose of obtaining certain concessions from the Government, and he may not now ignore his part of the bargain. Id. at 54. Except in certain extraordinary circumstances, a collateral attack may not be substituted for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982); see also United States v. Abarca, 985 F.2d 1012 (9th Cir.) (waiver of right to appeal in plea agreement waives right to challenge sentence collaterally), cert. denied, 61 U.S.L.W. 3835 (U.S.1993). In addition, our review of the record and the district court's opinion reveals no errors which would render Jones's conviction or sentence a miscarriage of justice.
 
 
 7
 Consequently, we affirm the denial of petitioner's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED