Charles **TRENTACOSTA**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Nos. 94 Civ. 6924 (JES),
92 Cr. 0749 (JES).

United States District Court,
S.D. New York.

Feb. 6, 1996.

Charles Trentacosta, Montgomery, PA, pro se.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (Hector Gonzalez, Assistant United States Attorney, of counsel), for Respondent.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

Pursuant to 28 U.S.C. § 2255, Charles Trentacosta, acting *pro se,* brings the instant petition seeking a reduction of his sentence from twenty-four to eighteen months' imprisonment. Trentacosta claims that the Court's sentence at the high end of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range deprived him of due process and equal protection of the laws. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

On September 10, 1992, Trentacosta was indicted and arrested on federal charges of participation in a scheme to sell eight buildings in Brooklyn, New York to the Mason Tenders Pension Fund at grossly inflated prices. *See* Indictment 92 Cr. 0749 (JES). On January 11, 1993, pursuant to a plea agreement, Trentacosta pleaded guilty to one count charging conspiracy to violate Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d). *See* Transcript dated January 11, 1993 at 2; Government's Memorandum in Opposition, Exh. A ("Plea Agrmt.").

The parties stipulated in the plea agreement that the Guidelines range relevant to Trentacosta's offense was eighteen to twenty-four months' imprisonment. Plea Agrmt. at 2. The plea agreement provided that "it is specifically understood and agreed that neither party will appeal a sentence by the Court that falls within the sentencing range calculated in [the plea agreement]", *id.* at 3, of eighteen to twenty-four months' imprisonment. *Id.* at 2. In the plea agreement, Trentacosta also reserved the right to move at sentencing for a downward departure and to argue that his offense level should be reduced for his minimal role in the offense. *Id.* The Government also reserved the right to oppose the downward departure motion

and to argue in favor of a three level reduction under U.S.S.G. § 3B1.2(a). *Id.*

Prior to sentencing, Trentacosta moved for a downward departure on the basis of his alleged diminished capacity pursuant to U.S.S.G. § 5K2.13 and for a four level reduction in his offense level due to his alleged minimal role in the offense pursuant to U.S.S.G. § 3B1.1. The Government opposed Trentacosta's motion. On November 2, 1993, the Court denied Trentacosta's motion and sentenced him to a term of imprisonment of twenty-four months, a term of supervised release of three years, one hundred hours of community service, a $10,000 fine, and a $50 mandatory special assessment.[1] *See* Transcript dated November 2, 1993 ("Sent.Tr.") at 11, 17–18. At sentencing, the Court granted the Government's motion, made pursuant to the plea agreement, to dismiss the remaining charges in the indictment against Trentacosta and advised Trentacosta of his right to appeal. *See id.* at 18–19. Trentacosta did not file a direct appeal.

Pursuant to a plea agreement, on January 7, 1993, Trentacosta's co-defendant Frank Lupo pleaded guilty to one count of violation of RICO, 18 U.S.C. § 1962(c). Transcript dated January 7, 1993 at 2. In the plea agreement, the parties agreed that the Guidelines range applicable to Lupo was properly calculated at forty-one to fifty-one months' imprisonment. Transcript dated July 16, 1993 ("Lupo Tr.") at 2. The Court sentenced Lupo to forty-one months' imprisonment, three years' supervised release, a $15,000 fine and a $50 special assessment. *Id.* at 6–7.

Pursuant to a plea agreement, on April 8, 1993, Trentacosta's co-defendant James Messera pleaded guilty to one count of conspiracy to violate RICO, in violation of 18 U.S.C. 1962(d). Transcript dated April 8, 1993 at 2. His plea agreement calculated the Guidelines range at twenty-four to thirty months' imprisonment. Transcript dated December 20, 1993 ("Messera Tr.") at 2–3. The Court sentenced Messera to twenty-four

---

1. The offense carries a maximum sentence of twenty years imprisonment, a maximum term of supervised release of three years, a maximum fine of $250,000 or twice the gross gain or loss caused by defendant's conduct, and a $50 mandatory special assessment. 18 U.S.C. §§ 1963(a), 3571.

months' imprisonment, three years' supervised release and a $50 special assessment. *Id.* at 18–19.

Pursuant to a plea agreement, on July 12, 1993, Trentacosta's co-defendant Ron Miceli pleaded guilty to one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and one count of criminal forfeiture pursuant to 18 U.S.C. § 1963. *See* Transcript dated July 12, 1993 ("Miceli Tr.") at 27–28; Indictment S1 92 Cr. 0749 (JES) at counts 1, 33. The Miceli plea agreement recommended no fine and calculated the Guidelines range applicable to Miceli at fifty-one to sixty-three months' imprisonment and a maximum of three years' supervised release. Miceli Tr. at 26–28. The Court sentenced Miceli to a term of imprisonment of fifty-eight months on each count to be served concurrently, three years' supervised release, a $25,000 fine and a $100 special assessment. *Id.* at 27.

On September 15, 1994, Trentacosta filed the instant petition which, read liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), claims that the sentencing Court violated his constitutional rights in two ways. First, Trentacosta claims that the Court violated his due process rights by sentencing him to the high end of the Guidelines range as punishment for his assertion of his legal right to move for a downward departure. Second, Trentacosta claims that the Court violated his right to equal protection by sentencing him to the high end of the Guidelines range, a sentence that was unconstitutionally disparate from those imposed upon his co-defendants, who were sentenced at the middle or low end of their respective Guidelines ranges.[2]

2. Specifically, Trentacosta claims that his "sentence was unconstitutional because [he] was punished more severely [than his co-defendants] because of a motion for a downward departure" made by his attorney at sentencing. Petition at 1. Trentacosta claims "that the Court was very upset with me and my lawyers for filing our [sentencing] papers." *Id.* at 2.

3. Cause is not established by his plea agreement, which precluded direct appeal of his sentence. *See United States v. Pipitone*, 67 F.3d at 38–39; *United States v. Jones*, No. 94–6209, 1995 WL

## DISCUSSION

■ Trentacosta's petition must be denied because his claims are procedurally barred. Where, as here, a party fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue in a habeas corpus petition, the petitioner must "show that there was cause for failing to raise the issue, and prejudice resulting therefrom." *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993) (citing *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992)). This is especially true given that Trentacosta took no direct appeal and waived his right to appeal a sentence like that imposed herein, which was within the agreed Guidelines range. *See United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir.1995).

■ Trentacosta fails to discuss, let alone establish, cause in his petition.[3] Nor can Trentacosta set forth any basis for his claim that the sentence imposed resulted "in a complete miscarriage of justice," *see United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)), because petitioner received a sentence falling squarely within, and specifically anticipated by, his plea agreement. Indeed, the Court had the discretion to sentence petitioner to a lengthier term of imprisonment but chose not to "second-guess" the parties' stipulation that Trentacosta's role in the offense was minor. Sent.Tr. at 17. Moreover, the Court could have imposed a fine of at least $250,000, but instead imposed only a $10,000 fine. *Id.* at 14–15, 18.

■ In any event, his petition must be dismissed because his conclusory allegation of retribution is devoid of factual support.

321263, at *1 (4th Cir. May 30, 1995) (per curiam) (unpublished opinion) (plea agreement preventing appeal is not sufficient cause for procedural default). Because it is entirely attributable to Trentacosta, the plea agreement's bar on appeal cannot satisfy the external requirement of cause. *See Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (" 'cause' ... must be something external to the petitioner, something that cannot be fairly attributed to him").

Trentacosta does not, and cannot, cite to any evidence which, even if viewed in the light most favorable to petitioner, would support his claim of retribution. Prior to denying Trentacosta's motion on the merits, the Court gave Trentacosta the opportunity at sentencing to substantiate his motion for a downward departure. Sent.Tr. at 7. However, Trentacosta, through his attorney, declined to do so. *Id.* at 9. Moreover, Trentacosta's co-defendants were either sentenced to the same twenty-four months' imprisonment or received much longer prison sentences or larger fines. The record reveals that the Court sentenced Trentacosta and his co-defendants within its discretion based upon reasons relating to each defendant's individual offenses and circumstances.[4]

## CONCLUSION

For the reasons set forth above, the petition is denied. The Clerk of Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**

---

**4.** The Court imposed a "substantial fine" upon Miceli in addition to sentencing him at the middle of the Guidelines range. Miceli Tr. at 26–28. The Court sentenced Lupo at the low end of his respective Guidelines range and imposed a high monetary fine, reasoning that Lupo had not financially profited from fraud, had earned a favorable military record, had no prior criminal record, enjoyed a high reputation in his community and had reliably fulfilled his familial obligations. Lupo Tr. at 5–7. The Court sentenced Messera to the low end of his Guidelines range, "taking into account all the circumstances of the case," including the fact that instant charges effectively constituted relevant conduct to a separate, prior indictment. Messera Tr. at 8–11, 16.