**Shamsuddin RIZA, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Nos. 95 Civ. 3802 (JES),
92 Cr. 0530 (JES).

United States District Court,
S.D. New York.

July 12, 1996.

---

Shamsuddin Riza, Pro Se.

Mary Jo White, United States Attorney for the Southern District of New York (Robin Abrams, Assistant United States Attorney, of counsel), New York City, for Respondent.

SPRIZZO, District Judge:

Pursuant to 28 U.S.C. § 2255, petitioner Shamsuddin Riza, acting *pro se,* brings the above-captioned action seeking 1) vacatur or reduction of his sentence on the ground that he received ineffective assistance of counsel and 2) a hearing on his claims. Petitioner asserts, *inter alia,* that his counsel failed to object at sentencing to certain enhancements of his sentence which had been stipulated in his plea agreement and to unspecified inaccuracies in his presentence investigation report ("PSR"). For the reasons that follow, the petition is denied.

## BACKGROUND

On December 21, 1992, petitioner Shamsuddin Riza and three others were indicted on twenty-four counts of various extortion-related offenses arising out of the "wrongful use of actual and threatened force, violence, and fear" to obtain contracts, cash, and the placement of workers on various construction projects located in New York City. *See* Indictment S2 92 Cr. 530 (JES), attached to Gov't. Mem. of Law, Exh. A ("Indictment"). On March 31, 1993, pursuant to a signed plea agreement, Riza entered a plea of guilty to six counts of extortion in violation of 18 U.S.C. § 1951. *See* Tr. dated Mar. 31, 1993

("Mar. 31, 1993 Tr.") at 2–3, 11; Plea Agreement dated Mar. 31, 1993 ("Pl.Agrmt.") at 1–2.

In the plea agreement, the parties stipulated that the offense level calculated under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") applicable to his conviction was level 26, which carried a term of imprisonment of 63 to 78 months. Pl. Agrmt. at 3. In reaching that calculation, the parties agreed that each count was subject to a two level specific offense characteristic enhancement under U.S.S.G. §§ 2B3.2(b)(1) or 2B3.2(b)(4)(A), because the offense either involved "an express or implied threat of bodily injury" or resulted in bodily injury to a victim. *Id.* at 1, 2. In the plea agreement, Riza also stipulated that "neither the Court nor the Probation Department is bound by the foregoing Guidelines Stipulations/Guidelines Analysis," "that the sentence to be imposed upon Shamsuddin Riza is determined solely by the sentencing Judge," and that "neither party will appeal a sentence by the Court that falls within the sentencing range/offense level [of 63 to 78 months]." *Id.* at 3, 4.

During the plea allocution, Riza stated that he had read and discussed the plea agreement with his counsel and that he was satisfied with his counsel's advice in relation thereto. Mar. 31, 1993 Tr. at 4–5. In addition, the Court cautioned Riza that the plea agreement was not binding on the Court, which was free to accept or reject the terms contained therein. *Id.* at 6.

Prior to sentencing, pursuant to Fed. R.Crim.P. 32(c)(1) the United States Probation Department submitted a PSR which recommended, *inter alia,* the same two level enhancements under U.S.S.G. §§ 2B3.2(b)(1) and 2B3.2(b)(4)(A) which the parties had stipulated in the plea agreement. *See* Tr. dated Oct. 14, 1993 ("Oct. 14, 1993 Tr.") at 2.

On October 14, 1993, the Court sentenced Riza to seventy-eight months incarceration followed by three years supervised release and imposed a fine of $75,000 plus a mandatory $300 special assessment. Oct. 14, 1993 Tr. at 10–13. At no time did Riza or his counsel object to the sentence enhancements

stipulated in the plea agreement, recommended in the PSR and accepted by the Court. Nor did Riza file a direct appeal.[1]

■ On May 9, 1995, Riza filed the instant petition claiming that he was denied effective assistance of counsel in violation of his Sixth Amendment rights.[2] Riza claims that his counsel failed to fully explain, object to, or appeal the enhancements stipulated in the plea agreement and recommended in the PSR. Riza asserts that his counsel should have argued that the enhancements for actual or threatened injury amounted to a double counting in his sentence because the base offense of extortion involves threat or actual harm.

Riza also claims that his counsel "should have filed a formal motion to the Court requireing [sic] that the Court strike or redact the disputed statements from the Pre–Sentence report, which contain no indicia of reliability," Pet'r. Resp. to Gov't. Mem. of Law filed Aug. 31, 1996 at 2, and that the Court should have granted a hearing thereon pursuant to Fed.R.Crim.P. 32(c)(3)(D).[3] Riza alleges that as a result, the Bureau of Prisons continues to take these inaccuracies into consideration when making decisions regarding the terms of his incarceration. Riza does not, however, specify what portion of the PSR is inaccurate.

# DISCUSSION

■ Riza's § 2255 petition is procedurally barred and therefore must be dismissed. It is well established that where, as here, a defendant knowingly and voluntarily agrees not to appeal a sentence falling within the specified Guidelines range, here of 63 to 78 months incarceration, he cannot thereafter file a direct appeal. *See United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.) (dismissing direct appeal because "[i]n no circumstance, however, may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement"), *cert. denied,* 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993). It follows that because the instant issues were not and could not have been raised on direct appeal, they cannot be used as a basis to collaterally attack his sentence. *See Marone v. United States,* 10 F.3d 65, 67 (2d Cir.1993) ("§ 2255 petition may not be used as a substitute for direct appeal") (citing *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)).

■ Nor has Riza established any "cause" or "actual prejudice," both of which must be established, to overcome this procedural bar. *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993) (citing *Frady,* 456 U.S. at 167–68, 102 S.Ct. at 1593–95); *see*

---

1. Although Riza at one point stated he took a direct appeal, *see* Pet'r. Mem. in Supp. filed Dec. 15, 1995 at 4, his filings and the record make clear that in fact he did not appeal directly. Rather, Riza asserts he would have appealed directly had he received effective assistance of counsel. *Id.*

2. Thereafter, Riza made two supplemental filings amending his claims. The Court rejects the government's argument that the supplemental filings constitute successive petitions raising new arguments which should have been asserted in the initial petition, and therefore are barred. Where, as here, Riza filed the subsequent documents prior to the adjudication of the initial petition, the Court construes Riza's later filings liberally as amending his original petition. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). This is especially appropriate where, as here, the government responded to the merits of Riza's subsequent filings.

3. Fed.R.Crim.P. 32(c)(3)(D), in effect at the time relevant herein, provided:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed.R.Crim.P. 32(c)(3)(D). Thereafter, the rule was amended and redesignated as Fed.R.Crim.P. 32(b)(6).

also Campino v. United States, 968 F.2d 187, 188–91 (2d Cir.1992). The plea agreement itself, which precluded direct appeal of his sentence, does not constitute cause. See United States v. Pipitone, 67 F.3d 34, 38–39 (2d Cir.1995); United States v. Jones, No. 94–6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995) (per curiam) (plea agreement preventing appeal is insufficient cause for procedural default); Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (" 'cause' . . . must be something external to the petitioner, something that cannot fairly be attributed to him"). Moreover, the fact that Riza's attorney may have advised against direct appeal likewise does not constitute cause where, as here, his counsel could not consistent with that plea agreement have challenged a sentence which fell within the stipulated Guidelines range. See Cantone v. Superintendent, 759 F.2d 207, 218 (2d Cir.), cert. denied, 474 U.S. 835, 106 S.Ct. 109, 88 L.Ed.2d 89 (1985).

■ In any event, Riza has failed to establish "actual prejudice," which requires a showing that his representation was constitutionally defective and "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 170, 102 S.Ct. at 1595. Where, as here, Riza agreed to the enhancements in the plea agreement and acknowledged that the Probation Department was not bound by that plea agreement, he cannot now claim to have been prejudiced by the Probation Department's independent assessment that the same enhancements applied. This is especially true since Riza stated during allocution that he had read and understood the plea agreement and that he felt satisfied with his counsel's representation. See id. at 168, 102 S.Ct. at 1594 (discussing "double procedural default" of § 2255 petitioner who failed to preserve claim at trial and on appeal). Moreover, Riza has not and cannot establish that even if his counsel had objected, the Court would not have applied the enhancements.

■ In any event, Riza's claim of ineffective assistance of counsel fails on the merits. The standards governing a claim of ineffective assistance of counsel are well settled. The defendant must: (1) overcome a strong presumption that his counsel's conduct was reasonable and show his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice," that is, show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); see also United States v. Aguirre, 912 F.2d 555, 560 (2d Cir.1990); United States v. Reiter, 897 F.2d 639, 644–45 (2d Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990).

■ Here, Riza's counsel had no obligation to file a frivolous appeal in contravention of the plea agreement. See Laaman v. United States, 973 F.2d 107, 113 (2d Cir.1992), cert. denied, 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993); United States v. Caputo, 808 F.2d 963, 967 (2d Cir.1987). Indeed, doing so might well have resulted in detrimental consequences to Riza, including a possible voiding of the plea agreement, the reinstatement of the two counts dismissed as part of the plea, and the loss of a three-level reduction for acceptance of responsibility. Gov't. Mem. in Resp. to Pet'r. Mot. For Habeas Corpus Relief dated July 12, 1995 at 10.

■ Moreover, Riza's argument that his lawyer should have objected to the enhancement for physical violence on the basis of double counting must be rejected where, as here, that objection would have been legally untenable. Specifically, Riza argues that his counsel failed to object at sentencing to the Probation Department's recommendation of a two-level enhancement under U.S.S.G. §§ 2B3.2(b)(1) and 2B3.2(b)(4)(A), on the basis that Riza's extortion involved an "express or implied threat of death, bodily injury, or kidnapping." U.S.S.G. § 2B3.2(b)(4). Riza claims that because physical injury is an element of the crime of extortion, the Sentencing Commission had already considered it in calculating the base offense level for extortion. Therefore, the application of the enhancements to his sentence constitutes "double counting."

■■■ However, double counting does not result from the increases for both actual bodily harm and threatened bodily injury over the base offense of extortion. Title 18 U.S.C. § 1951 defines extortion as "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Neither actual bodily harm nor threatened bodily injury is a necessary element for extortion. Rather, the crime of extortion involves a wide range of conduct, including extortion through the use of economic threats or injury. *See McLaughlin v. Anderson*, 962 F.2d 187, 194 (2d Cir.1992) (affirming extortion sentence resulting from threat to destroy valuable business records); *United States v. Garcia*, 907 F.2d 380, 381 (2d Cir.1990) (affirming extortion sentence resulting from threat of economic harm). The Guidelines "seek to punish extortionists who employ 'express or implied threat[s] of death, bodily injury, or kidnapping,' *see* U.S.S.G. § 2B3.2(b)(1), with greater severity than other, less callous, practitioners of the same crime." *United States v. Jones* 997 F.2d 967, 969 (1st Cir.1993) (rejecting double counting argument). It 997 F.2d 967, 969 (1st Cir. 1993) (rejecting double counting argument). It follows that by providing for these enhancements, the Sentencing Commission made a rational decision to sentence more harshly individuals, like Riza, who commit extortion through the threat or use of physical force.

■■■ In any event, even if the enhancements did result in a double counting, it would constitute no more than an unlawful misapplication of the Guidelines which cannot be remedied on a § 2255 petition. It is well-established that § 2255 is limited to defects which are constitutional, jurisdictional, or would otherwise result in a "complete miscarriage of justice" or be "inconsistent with the rudimentary demands of fair procedure."

*United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). A technical misapplication of the Guidelines is neither constitutional nor jurisdictional in nature and therefore is not redressible in a habeas corpus petition. *See United States v. Perez*, 952 F.2d 908, 910 (5th Cir.1992); *Rodriguez v. United States*, 878 F.Supp. 20, 23 n. 3 (S.D.N.Y.1995). *See also United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir.1989) (declining to address whether § 2255 petition is appropriate method to challenge inaccurate PSR); *Ramos v. United States*, No. CV–92–316, 1992 WL 84940, *1 (S.D.N.Y. April 14, 1992) (claim for inaccuracies in PSR not cognizable under § 2255); *Urbaez v. United States*, No. CV–92–0791, 1992 WL 209333, at *6 (E.D.N.Y. Aug. 13, 1992) (rejecting post-sentence challenge to PSR even if court had jurisdiction under § 2255).[4]

■■■ Nor do Riza's allegations that his counsel failed to object to certain portions of the PSR or that the Court failed to hold a sentencing hearing pursuant to Fed. R.Crim.P. 32 rise to the level of a constitutional claim.[5] *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). At sentencing, Riza's counsel made several objections to the portions of the PSR concerning, *inter alia*, the victim impact statement as it related to Santa Fe Construction Company, a general contractor. *See* Oct. 14, 1995 Tr. at 5. The Court accepted that argument and made a determination that no finding was necessary because the Court would not order Riza to pay restitution in relation thereto. *Id.* at 5–6. The choice not to contest or move to strike certain other unspecified factual allegations from the PSR reflects a reasonable strategic decision by counsel to raise only the most relevant and persuasive objections at sentencing. Such a strategic decision by counsel does not fall below an objective standard of reasonableness, and therefore cannot form the basis of

---

4. In addition, Riza claims that he was deceived by counsel and insufficiently advised of the consequences of the two-level enhancements by a promise that Riza would be sentenced at level 26. However, since Riza was actually sentenced at that level within the stipulated range, this claim is untenable.

5. Riza fails to specify which factual allegations in the PSR are inaccurate or any adverse decision by the Board of Probation which resulted from reliance on such inaccuracies.

a claim of ineffective assistance of counsel. This is especially true where, as here, the Court gave Riza and his counsel a reasonable opportunity to comment on the information contained in the PSR and to make any additional Crim.P. 32(c)(3); *see also United States v. Leonard,* 589 F.2d 470, 471 (9th Cir.1979) (because Rule 32(c)(3) provides a "full opportunity . . . [to] the defendant and his counsel to intelligently dispute the accuracy of a presentence report," granting a § 2255 petitioner's request for an evidentiary hearing would "reopen all sentences for indefinite periods"). In any event, the Court accepted the objections to the PSR regarding restitution and ordered a lower amount of restitution. It is clear therefore that Riza cannot establish any prejudice.

▇▇▇▇ To the extent that Riza claims that including the Santa Fe Construction damages in the victim impact statement constitutes error, such errors in sentencing procedure generally are not cognizable under § 2255. *See Lucas v. United States,* 963 F.2d 8, 12–14 (2d Cir.), *cert. denied,* 506 U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992). While the " 'presentence report has a life of its own [that] survives sentencing' and can influence a defendant's future treatment," *United States v. Cortez,* 841 F.2d 456, 459 (2d Cir.) (citations omitted), *cert. denied,* 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 929 (1988), the Second Circuit has characterized a failure to comply with Rule 32(c)(3)(D) as "largely a ministerial matter." *Id.* It follows that, while such an error should "not be taken lightly," *see United States v. Ursillo,* 786 F.2d 66, 71 (2d Cir.1986), it does not rise to the level of a defect which is constitutional, jurisdictional, or in some other respect fundamental. *See Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); *Brennan v. United States,* 867

F.2d 111, 120–21 & n. 5 (2d Cir.), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989).[6]

Assuming that the Court construes his petition liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), to assert a claim pursuant to Fed.R.Crim.P. 36 to correct a clerical error in the judgment, the Court is presently free to correct any such error.[7] Pursuant to Fed.R.Crim.P. 32(c)(3)(D), where a defendant objects to certain portions of the PSR—here, facts relevant to restitution—and the Court makes a finding that those facts will not be taken into consideration in imposing a sentence, a copy of the transcript reflecting the Court's finding shall be appended to the PSR. Fed.R.Crim.P. 32(c)(3)(D). Because the sentencing transcript apparently was never attached to the PSR, pursuant to its power under Fed.R.Crim.P. 36 to correct ministerial errors relating to sentencing at any time, the Court directs that it now be appended.[8] *See United States v. Knockum,* 881 F.2d 730, 732 (9th Cir.1989) (Fed. R.Crim.P. 36, rather than habeas petition, is appropriate post-conviction remedy for failure to attach transcript of sentencing hearing to PSR).

### CONCLUSION

For the reasons stated above, the Court directs that the October 14, 1993 sentencing transcript be appended to Riza's PSR, and the petition is dismissed. The Clerk of the Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**

---

6. Even if this Court were to construe Riza's Petition liberally to assert his challenge to the PSR under Fed.R.Crim.P. 32, *see Haines v. Kerner,* 404 U.S. at 520–21, 92 S.Ct. at 595–96, the Court lacks jurisdiction to adjudicate such claim. *See Giaimo,* 880 F.2d at 1562–64 ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced").

7. Fed.R.Crim.P. 36 provides:
   Clerical mistakes in judgments, orders or other parts of the record and errors in the record

arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.
Fed.R.Crim.P. 36.

8. Because his "motion and the files and records of the case conclusively show that [he] is entitled to no relief," Riza's petition is denied without a hearing thereon. 28 U.S.C. § 2255; *see also Ciak v. United States,* 59 F.3d 296, 306–07 (2d Cir.1995).