**UNITED STATES of America, Appellee,**

v.

**Jose Manuel De La CRUZ a/k/a Jose Manuel Linares De La Cruz, Defendant, Appellant.**

**No. 88–1364.**

United States Court of Appeals, First Circuit.

Heard April 5, 1990.

Decided April 25, 1990.

John H. LaChance, for appellant.

Jorge E. Vega–Pacheco, Asst. U.S. Atty., San Juan, P.R., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for the U.S.

Before BREYER, Chief Judge, CAMPBELL and SELYA, Circuit Judges.

SELYA, Circuit Judge.

Following a jury trial, defendant-appellant Jose Manuel de la Cruz was found guilty on two counts of unlawfully transporting undocumented aliens, 8 U.S.C. § 1324(a)(1)(B), and two counts of unlawfully harboring undocumented aliens, 8 U.S.C. § 1324(a)(1)(C). Represented by new counsel, he prosecutes this appeal.

## I.

We need not linger long over appellant's claims of mid-trial error. He contends that the district court erred, first, in not giving more carefully defined instructions to the jury; and second, in admitting evidence of appellant's earlier conviction for a near-identical offense. Neither contention has merit.

## A.

As to the claimed instructional error, the short answer is that appellant's trial counsel did not object to the charge as given. That being so, we review the supposedly defective charge only for "plain error." *See United States v. Boylan*, 898 F.2d 230, 249–50 (1st Cir.1990); *United States v. Griffin*, 818 F.2d 97, 99–100 (1st Cir.), *cert. denied*, 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987). "In applying plain error jurisprudence to the judge's charge, 'the question is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Boylan*, 898 F.2d at 249 (quoting *United States v. Thomann*, 609 F.2d 560, 565 (1st Cir.1979)) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). Appellant's claim cannot survive such rigorous scrutiny.

■ The appellant does not complain that the charge given was incorrect, but rather that certain terms comprising (or touching upon) elements of the tried offenses could—and should—have been more explicitly defined. Appellant points particularly to three largely undefined phrases: "harboring," "transporting," and "reckless disregard." Considering the charge "as a whole," *see United States v. Cintolo,* 818 F.2d 980, 1003 (1st Cir.), *cert. denied,* 484 U.S. 913, 108 S.Ct. 259, 98 L.Ed.2d 216 (1987), and bearing in mind that the district court had no obligation "to use the precise language that defendant ... would have preferred," *United States v. Lavoie,* 721 F.2d 407, 409 (1st Cir.1983), *cert. denied,* 465 U.S. 1069, 104 S.Ct. 1424, 79 L.Ed.2d 749 (1984), we think that the instructions pass muster.

In the context of this case, the jury could not reasonably have doubted the tenor of verbs such as "harboring" and "transporting." And while it may have been better practice to define "reckless disregard"—a matter as to which we take no view—we do not think it was necessary for the district court to venture forth in the absence of a specific request. *See* Fed.R.Crim.P. 30. *Cf., e.g., United States v. Littlefield,* 840 F.2d 143, 146–47 (1st Cir.) (unnecessary for trial court, in its charge, to essay further definition of "reasonable doubt"), *cert. denied,* —— U.S. ——, 109 S.Ct. 155, 102 L.Ed.2d 126 (1988). In sum, we doubt that there was instructional error at all; we are certain there was no plain error.

### B.

■ Appellant's assignment of evidentiary error has three prongs. It is thrice unavailing. The basic "error" stems from the district court's admission of evidence that in 1985, some two years before the instant offenses were allegedly committed, appellant was charged with, and convicted of, a nearly identical felony.

Appellant's initial claim—that the evidence was bereft of probative value—is vapid. Given defendant's assertion that he lacked knowledge of the aliens' undocumented status, we think that proof of the prior conviction was highly probative under Fed.R.Evid. 404(b) (evidence of other crimes admissible to prove, inter alia, "intent, ... plan, knowledge ... or absence of mistake"). In other words, the evidence had a " 'special' probative value ... to prove some controverted issue in the case." *United States v. Rodriguez–Estrada,* 877 F.2d 153, 155 (1st Cir.1989). Moreover, since defendant testified before the government broached the evidence, it was also admissible for impeachment purposes under Fed.R.Evid. 609(a)(1) (regulating use of felony convictions to attack credibility).

Appellant's second claim is itself dichotomous. He says that the evidence's prejudicial effect outweighed its probative value and that the lower court failed to make needed findings in this regard. Whether taken separately or in the ensemble, these protests fizzle.

To be sure, the admission of Rule 404(b) evidence is restricted by Fed.R.Evid. 403 (relevant evidence excludable "if its probative value is substantially outweighed by the danger of unfair prejudice"); and Rule 609(a)(1) contains an internalized balancing test which is somewhat stricter (prior conviction not admissible unless "probative value of admitting this evidence outweighs its prejudicial effect to the defendant"). When these rules are in play, it is certainly good practice for the trier to make on-the-record findings as to the probative value/prejudicial effect balance. That was not done here.[1] Yet, explicit findings need not always be made. *See, e.g., United States v. Foley,* 871 F.2d 235, 238 (1st Cir.1989) (Rule 403); *United States v. Rosa,* 705 F.2d 1375, 1378 (1st Cir.1983) (per curiam) (Rule 403); *United States v. Grandmont,* 680 F.2d 867, 872 (1st Cir. 1982) (Rule 609(a)(1)). In this case, the integers which entered into the equation

**1.** Despite the lack of express findings, we believe that the record reflects the district court's awareness of its responsibility to weigh the relevant factors and perform a balancing test prior to allowing the government to use the disputed evidence. *See, e.g.,* Trial Transcript at p. 205 (discussion at sidebar).

were well defined and the resulting balance far from close. Specific, detailed findings were therefore unnecessary.

For practical purposes, that settles the issue. We have repeatedly recognized the considerable extent to which such balancing "determinations are committed to the trial court's sound discretion." *Rodriguez–Estrada*, 877 F.2d at 155 (discussing Rule 404(b) evidence); *accord United States v. George* 752 F.2d 749, 756 (1st Cir.1985) (discussing Rule 609(a)(1) evidence). The evidence in this case had strong probative force, related to a matter proximate in time to the charged crimes, and bore directly upon the main line of de la Cruz's defense (lack of knowledge). Mindful of these factors, we are disinclined to disturb the trier's calibration of the scales. After all, "[o]nly rarely—and in extraordinarily compelling circumstances—will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1340 (1st Cir.1988). This is not the rare case.

■ Appellant's parting shot at this evidence castigates the district court for its failure to give a limiting instruction when the earlier conviction surfaced. But, appellant never asked for such an instruction. The general rule is that "the failure of the trial court to give [a cautionary instruction] *sua sponte* is not reversible error." *United States v. Rivera–Santiago*, 872 F.2d 1073, 1083 (1st Cir.) (listing cases), *cert. denied*, —— U.S. ——, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989), —— U.S. ——, 110 S.Ct. 105, 107 L.Ed.2d 68 (1989). This case falls within the ambit of the *Rivera–Santiago* rule. We have been extremely reluctant "to increase the heavy burdens already imposed on trial judges in criminal cases" by mandating that the district courts act *sua sponte* to override seemingly plausible strategic choices on the part of counselled defendants. *See United States v. Reveron Martinez*, 836 F.2d 684, 687 (1st Cir.1988). Here, for tactical reasons, defendant may have preferred to call as little attention to the evidence as possible. In the circumstances, the court's omission of an unsolicited limiting instruction did not constitute reversible error.

## II.

The remaining ground of appeal is much more problematic. We are told that the jury which convicted de la Cruz was empaneled not by the district judge, but by a magistrate. Long after that event, the Supreme Court ruled that the Federal Magistrates Act did not empower a magistrate to preside over empanelment in a felony trial. *See United States v. Gomez*, —— U.S. ——, 109 S.Ct. 2237, 2245–48, 104 L.Ed.2d 923 (1989). Because this case was already on appeal when *Gomez* was decided, defense counsel, with commendable diligence, raised the matter in his appellate brief.

In *Gomez*, a case arising from another circuit, the defendants had seasonably objected to empanelment by the magistrate. *Id.* 109 S.Ct. at 2239. Here, apparently, no contemporaneous objection was lodged. The circuits are split on whether a preserved objection is required to energize the *Gomez* rule, *compare, e.g., United States v. Wey*, 895 F.2d 429, 430 (7th Cir.1990) (preserved objection necessary) *with United States v. France*, 886 F.2d 223, 227–28 (9th Cir.1989) (contra). A panel of this court originally decided, 2–1, that an objection was required, but the opinion was withdrawn, 890 F.2d 490, and the point reargued to the court en banc on April 4, 1990. The matter is currently under advisement.[2]

Given the uncertain state of the law, as well as the absence of even the most rudimentary record concerning how the empanelment in this case came about (we find ourselves without so much as a transcript of the empanelment itself), we believe that

---

**2.** The original panel decision involved six consolidated cases (No. 87–2003 through No. 87–2008) and was reported *sub nom. United States v. Lopez–Pena.* Only three of the defendants petitioned for rehearing en banc. The petition was granted on February 9, 1990 *sub nom. United States v. Martinez–Torres.*

prudence suggests we decline appellant's invitation to rule in a vacuum. We therefore leave the issue undecided and remand to the court below. The district court should await our opinion en banc, in the case just mentioned, and then develop the record as to what transpired at and in the course of the empanelment. It should thereafter proceed in accordance with the en banc opinion, providing a new trial if required.

*We affirm the judgment of conviction in all respects subject to resolution of appellant's contention that the manner of jury empanelment requires a new trial. As to that facet of the matter, we remand to the district court for further proceedings consonant herewith. So ordered.*