UNITED STATES, Appellee,

v.

Donald SANTAGATA, Defendant, Appellant.

No. 90–1439.

United States Court of Appeals, First Circuit.

Heard Oct. 2, 1990.

Decided Jan. 30, 1991.

---

Eugene V. Mollicone, Cranston, R.I., with whom William A. Dimitri, Jr. and Dimitri & Dimitri, Providence, R.I., were on brief, for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before BREYER, Chief Judge,
BOWNES, Senior Circuit Judge, and
ATKINS,* Senior District Judge.

ATKINS, Senior District Judge.

Following a jury trial in the district court, defendant Donald Santagata was convicted on fourteen counts of wire fraud in violation of 18 U.S.C. § 1343. The appellant appeals from his conviction on two related grounds: (1) that the lower court improperly admitted evidence of "other acts" under Federal Rule of Evidence 404(b); and (2) that the district court failed to give a cautionary instruction to the jury regarding the proper purpose of this evidence. Because we find that the disputed evidence was independently admissible as proof of the scheme charged, we affirm the district court's ruling without deciding the merits of the arguments appellant raises on appeal.

## I. *Background*

On July 24, 1989, a grand jury returned an indictment charging Santagata with wire fraud in violation of 18 U.S.C. § 1343.[1] The indictment's first paragraph charged that over an approximately twenty-three-month period—December 5, 1986 through October 25, 1988—Santagata devised a scheme to defraud out-of-state women's clothing manufacturers.[2] Paragraphs two through six provided the details of the alleged scheme: that during the twenty-three-month period, Santagata, when dealing with the seven companies, used various business and personal aliases; that Santagata placed with the companies telephone orders for women's clothing totalling approximately $142,000; and that Santagata did not timely pay the companies, but when pressed for payment disputed the invoice

---

* Of the Southern District of Florida, sitting by designation.

1. In pertinent part, section 1343 provides the following:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

18 U.S.C.A. § 1343 (West Supp.1990).

2. The first paragraph of the indictment alleged the following:

1. From on or about the 5th day of December, 1986, and continuing to on or about the 25th day of October, 1988, in the District of Rhode Island and elsewhere, DONALD SANTAGATA ... devised, and intended to devise, a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, hereinafter more particularly set forth, from the following [seven] companies ... who could and would be induced by [Santagata] to ship goods and merchandise to him, well knowing that the pretenses, representations and promises would be and were false when made, which scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, so devised and intended to be devised by the said defendant ... was in substance as follows....

amounts, claiming he had been over-charged. Whereas paragraph one charged a general scheme to defraud, paragraph seven listed as fourteen separate counts—two per company—fourteen dates within the twenty-three-month period on or about which Santagata allegedly executed the scheme by placing the interstate telephone orders.

The government's evidence at trial supported the charges contained in the indictment. It showed that during the twenty-three-month period, Santagata placed more than fifty interstate telephone calls ordering women's clothing from the seven manufacturers; that when Santagata called and ordered from these companies, he was quoted and agreed to pay wholesale prices for the clothing; that the invoices accompanying the shipments confirmed the company's quotation of wholesale prices; and that when the companies pressed for payment, Santagata claimed he had been quoted much lower "jobber" prices.[3] Santagata disputed the government's evidence, testifying at trial that all of the companies had quoted him "jobber" prices and that the companies had increased the prices they quoted over the phone.

The challenged evidence introduced by the government at trial consisted of documents reflecting telephone orders placed by Santagata with two of the seven companies. The orders were placed within the twenty-three-month period of the scheme alleged in paragraph one, but not on any of the dates specifically charged in paragraph seven. The government initially attempted to introduce the documents as direct evidence of the scheme charged. However, the district court determined that the specific dates listed in paragraph seven limited the scope of admissible evidence. The court ultimately allowed the documents to be admitted under Rule 404(b), Federal Rules of Evidence. Although Santagata objected to such admission, he made no request for a cautionary instruction.

Santagata was convicted on all fourteen counts and sentenced to twenty-four months imprisonment, three years supervised release, and restitution in the amount of $122,000. In an unsuccessful motion for new trial, Santagata raised the arguments he advances on appeal—that the trial court erred by admitting the disputed documents as Rule 404(b) evidence and by failing to give an accompanying cautionary instruction. The government contends that the documents were independently admissible as direct proof of the scheme charged. We find the government's argument persuasive, and therefore conclude that we need not address the district court's conclusion that the disputed documents were admissible under 404(b).

## II. *Discussion*

■ For a wire fraud conviction under section 1343, the government must prove (1) the existence of a scheme to defraud and (2) the use of interstate communications in furtherance of that scheme. *United States v. Serrano*, 870 F.2d 1, 6 (1st Cir.1989); *see* 18 U.S.C. § 1343. Each use of interstate communications in execution of a scheme to defraud "constitute[s] a separate, independent, freestanding crime." *United States v. Fermin Castillo*, 829 F.2d 1194, 1199 (1st Cir.1987). In the instant case, then, any evidence that tended to make the existence of either element of section 1343 "more probable or less probable than it would be without the evidence" would have been admissible unless otherwise prohibited. Fed.R.Evid. 401, 402.

■ The documents at issue would tend to make the existence of the scheme to defraud—a necessary element of the crime charged—more likely than it would be without the documents. Produced by representatives of two of the seven companies, the documents memorialized orders Santagata placed during the time period of the scheme alleged in paragraph one of the indictment. Although these orders were not enumerated as separate, dated counts in paragraph seven of the indictment, they nevertheless were relevant to the existence of a scheme and therefore were indepen-

---

**3.** "Jobbers" generally purchase end-of-season, left-over, or close-out merchandise; thus, "job-ber" prices usually are much lower than whole-sale prices.

dently admissible. *See United States v. Nivica,* 887 F.2d 1110, 1119 (1st Cir.1989) (finding evidence independently admissible where "part and parcel of the charged offense"), *cert. denied,* — U.S. ——, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990). Because the documents were admissible as direct proof of the scheme charged, application of Rule 404(b) was unnecessary.[4] *United States v. Tejada,* 886 F.2d 483, 487 (1st Cir.1989).

■ Despite the tack of our ruling, we necessarily address Santagata's argument that admission of the documents was unfairly prejudicial to his defense in violation of Rule 403, Federal Rules of Evidence.[5] We begin by noting that "[o]nly rarely—and in extraordinarily compelling circumstances—will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." *Freeman v. Package Machinery Co.,* 865 F.2d 1331, 1340 (1st Cir.1988). Such determinations are committed to the sound discretion of the trial court. *United States v. Rodriguez–Estrada,* 877 F.2d 153, 155 (1st Cir.1989).

Santagata argues, in the context of his Rule 404(b) discussion, that admission of the documents constituted an abuse of discretion because it "stacked the deck" against him, leading the jury "to believe that the government possessed an almost unlimited list of allegations" against him. This, appellant contends, unfairly prejudiced his defense in violation of Rule 403. In support of this claim, Santagata also asserts that the district court did not balance the probative value of the evidence against the potential for unfair prejudice. Appellant's Brief at 8–9.

This court has previously recognized that although "it is certainly good practice for the trier to make on-the-record findings as

to the probative value/prejudicial effect balance," such findings are not always necessary. *United States v. De La Cruz,* 902 F.2d 121, 123 (1st Cir.1990). In the present case, the court made no such express findings; however, three factors suggest that the court was aware of its responsibility to weigh the relevant factors and to perform a balancing test prior to allowing the government to use the challenged evidence. First, the judge and parties discussed the evidence's admissibility at length. *See* Trial Transcript at 55–65. Second, the case expressly relied upon by the district court, *United States v. Rodriguez–Estrada,* 877 F.2d 153 (1st Cir.1989), clearly describes the required 403 balancing test. *See id.* at 155–56. Third, as discussed briefly in the following paragraph, the Rule 403 balance was far from weighing substantially in favor of unfair prejudice. "Specific, detailed findings were therefore unnecessary." *De La Cruz,* 902 F.2d at 124.

The disputed evidence had significant probative value in that it tended to show the existence of a scheme to defraud the clothing companies and, conversely, the absence of mistake. The existence of such a scheme was an essential element of the crime charged. Balanced against this probative value was the danger that the documents "stacked the deck" and unfairly prejudiced Santagata. Although the documents could be characterized as cumulative of previous testimony, in light of the scheme charged "the repetition of the evidence was itself distinctly probative." *Rodriguez–Estrada,* 877 F.2d at 156. Moreover, "all evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." *Id.* (emphasis in original). We have little difficulty determining that the district court did not abuse its considerable discretion vis-a-vis Rule 403.

---

4. Even if the documents had not been independently admissible, it appears they would have been admissible under Rule 404(b) to show the existence of a scheme to defraud. *See United States v. Rodriguez–Estrada,* 877 F.2d 153, 155 (1st Cir.1989).

5. Rule 403 provides the following:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

■ Having determined that the disputed documents were independently admissible as proof of the fraud scheme charged, we need not tarry long with Santagata's final argument—that the district court's failure to give a cautionary instruction to the jury regarding the disputed documents constitutes reversible error. Where evidence is independently admissible as proof of a crime charged, limiting instructions are not required. *United States v. Dray,* 901 F.2d 1132, 1141 (1st Cir.1990).[6]

### III. *Conclusion*

Having determined that the challenged documents were independently admissible as proof of an essential element of the crime charged, and that the district court's unexpressed Rule 403 balancing was not an abuse of discretion, we affirm the judgment below.

---

6. Even if Rule 404(b) had been the only avenue for admission of the documents, the district court's failure to give a cautionary instruction, *sua sponte,* would not constitute reversible error. *See United States v. De La Cruz,* 902 F.2d 121, 124 (1st Cir.1990) (noting circuit court's extreme reluctance to "increase the heavy burdens already imposed on trial judges in criminal cases by mandating" that they give such instructions).