986 F.2d 1407
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Dennis BONNEAU, Defendant, Appellant.
 No. 92-1935.
 United States Court of Appeals,
First Circuit.
 Feb. 24, 1993
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Douglas P. Woodlock, U.S. District Judge]
 Peter Goldberger, Pamela A. Wilk and Law Office of Alan Ellis on brief for appellant.
 A. John Pappalardo, United States Attorney, and Dina Michael Chaitowitz, Assistant United States Attorney, on brief for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We have carefully reviewed the record and briefs and find no merit substantially for the reasons stated by the district court. We pause to add only two observations.
 
 
 2
 1. The prosecutor's reference to Ms. Aguiar's recent trial, immediately followed by the inquiry whether Ms. Aguiar had ever told anyone her present version, was, in all probability, an improper comment on Aguiar's failure to testify. We are convinced, however, by the strength of the evidence against defendant and the court's curative instruction that the error was harmless beyond a reasonable doubt, and the court did not err in denying defendant's motion for a mistrial.
 
 
 3
 2. The fact that Aguiar had been convicted of the charges for which defendant was on trial was properly admissible under Fed. R. Evid. 609 for impeachment. Here, where defendant said he had no objection to the conviction's admission, defendant did not object to the question asked or request a limiting instruction, and the prosecutor did not argue any improper inference should be drawn, it was not plain error for the court to fail sua sponte to give a limiting instruction. United States v. Ramirez, 963 F.2d 693, 702-03 (5th Cir.) (no error to omit sua sponte instruction concerning co-defendants' guilty pleas), cert. denied, 113 S.Ct. 388 (1992); United States v. Sides, 944 F.2d 1554, 1561-62 (10th Cir. 1991); United States v. De La Cruz, 902 F.2d 121, 124 (1st Cir. 1980). Nor did counsel's failure to object or request a limiting instruction constitute ineffective assistance. See United States v. Rogers, 939 F.2d 591, 594-95 (8th Cir.) (tactical decision not to request limiting instruction on effect of guilty plea), cert. denied, 112 S.Ct. 609 (1991).
 
 
 4
 Affirmed.