March 18, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1935

 UNITED STATES,

 Appellee,

 v.

 DENNIS BONNEAU,

 Defendant, Appellant.

 

 ERRATA SHEET

The opinion of this Court issued on February 24, 1993 is amended
as follows:

Page 2, line 9: Insert a footnote after the word "testify" to
read: 
"The Assistant United States Attorney who represented the
government on appeal did not represent the government at trial."

February 24, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1935

 UNITED STATES,

 Appellee,

 v.

 DENNIS BONNEAU,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Selya and Cyr, Circuit Judges.
 

 

Peter Goldberger, Pamela A. Wilk and Law Office of Alan Ellis on
 
brief for appellant.
A. John Pappalardo, United States Attorney, and Dina Michael
 
Chaitowitz, Assistant United States Attorney, on brief for appellee.
 

 

 

 Per Curiam. We have carefully reviewed the record
 

and briefs and find no merit substantially for the reasons

stated by the district court. We pause to add only two

observations.

 1. The prosecutor's reference to Ms. Aguiar's

recent trial, immediately followed by the inquiry whether Ms.

Aguiar had ever told anyone her present version, was, in all

probability, an improper comment on Aguiar's failure to

testify1. We are convinced, however, by the strength of the

evidence against defendant and the court's curative

instruction that the error was harmless beyond a reasonable

doubt, and the court did not err in denying defendant's

motion for a mistrial.

 2. The fact that Aguiar had been convicted of the

charges for which defendant was on trial was properly

admissible under Fed. R. Evid. 609 for impeachment. Here,

where defendant said he had no objection to the conviction's

admission, defendant did not object to the question asked or

request a limiting instruction, and the prosecutor did not

argue any improper inference should be drawn, it was not

plain error for the court to fail sua sponte to give a
 

limiting instruction. United States v. Ramirez, 963 F.2d
 

693, 702-03 (5th Cir.) (no error to omit sua sponte
 

instruction concerning co-defendants' guilty pleas), cert.
 

denied, 113 S.Ct. 388 (1992); United States v. Sides, 944
 

 

1. The Assistant United States Attorney who represented the
government on appeal did not represent the government at
trial.

F.2d 1554, 1561-62 (10th Cir. 1991); United States v. De La
 

Cruz, 902 F.2d 121, 124 (1st Cir. 1980). Nor did counsel's
 

failure to object or request a limiting instruction

constitute ineffective assistance. See United States v.
 

Rogers, 939 F.2d 591, 594-95 (8th Cir.) (tactical decision
 

not to request limiting instruction on effect of guilty

plea), cert. denied, 112 S.Ct. 609 (1991).
 

 Affirmed.
 

 -3-