USCA1 Opinion

 

 March 18, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1935 UNITED STATES, Appellee, v. DENNIS BONNEAU, Defendant, Appellant. ____________________ ERRATA SHEET The opinion of this Court issued on February 24, 1993 is amended as follows: Page 2, line 9: Insert a footnote after the word "testify" to read: "The Assistant United States Attorney who represented the government on appeal did not represent the government at trial." February 24, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1935 UNITED STATES, Appellee, v. DENNIS BONNEAU, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Peter Goldberger, Pamela A. Wilk and Law Office of Alan Ellis on ________________ ______________ _________________________ brief for appellant. A. John Pappalardo, United States Attorney, and Dina Michael ___________________ _____________ Chaitowitz, Assistant United States Attorney, on brief for appellee. __________ __________________ __________________ Per Curiam. We have carefully reviewed the record __________ and briefs and find no merit substantially for the reasons stated by the district court. We pause to add only two observations. 1. The prosecutor's reference to Ms. Aguiar's recent trial, immediately followed by the inquiry whether Ms. Aguiar had ever told anyone her present version, was, in all probability, an improper comment on Aguiar's failure to testify1. We are convinced, however, by the strength of the evidence against defendant and the court's curative instruction that the error was harmless beyond a reasonable doubt, and the court did not err in denying defendant's motion for a mistrial. 2. The fact that Aguiar had been convicted of the charges for which defendant was on trial was properly admissible under Fed. R. Evid. 609 for impeachment. Here, where defendant said he had no objection to the conviction's admission, defendant did not object to the question asked or request a limiting instruction, and the prosecutor did not argue any improper inference should be drawn, it was not plain error for the court to fail sua sponte to give a ___ ______ limiting instruction. United States v. Ramirez, 963 F.2d _____________ _______ 693, 702-03 (5th Cir.) (no error to omit sua sponte ___ ______ instruction concerning co-defendants' guilty pleas), cert. ____ denied, 113 S.Ct. 388 (1992); United States v. Sides, 944 ______ ______________ _____ ____________________ 1. The Assistant United States Attorney who represented the government on appeal did not represent the government at trial. F.2d 1554, 1561-62 (10th Cir. 1991); United States v. De La _____________ _____ Cruz, 902 F.2d 121, 124 (1st Cir. 1980). Nor did counsel's ____ failure to object or request a limiting instruction constitute ineffective assistance. See United States v. ___ _____________ Rogers, 939 F.2d 591, 594-95 (8th Cir.) (tactical decision ______ not to request limiting instruction on effect of guilty plea), cert. denied, 112 S.Ct. 609 (1991). ____ ______ Affirmed. ________ -3-