**Ana Cordero HERNANDEZ, et al. Plaintiffs**

**v.**

**Maria Teresa Hernandez BALLESTEROS, et als. Defendants**

**No. CIV. 01–2194(SEC).**

United States District Court, D. Puerto Rico.

Aug. 31, 2004.

8

Alexander Zeno, San Juan, PR, for Ana M. Cordero–Hernandez, Paris Paris Boutique, Inc., Plaintiffs.

Jose R. Cancio–Bigas, Jose Raul Cancio Rigas Law Office, Manuel E. Andreu–Garcia, Wilfredo Segarra–Miranda, William Santiago–Sastre, Melendez Perez, Moran & Santiago, San Juan, PR, for Maria Teresa Maria Teresa Hernandez–Ballesteros, George Moll, Arnaldo Penalvert–Vazquez, Elba Maria Martinez, First Bank of Puerto Rico, Inc., Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Co-defendants Maria Teresa Hernández Ballesteros ("Hernández") and George Moll's ("Moll") motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (**Docket # 71**). Plaintiffs Ana Cordero Hernández ("Cordero") and Paris–Paris Boutique, Inc.'s ("Paris–Paris Boutique") have filed an opposition thereto (**Docket # 75**). Defendants seek dismissal of all claims brought against them under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). Having considered Defendants' motion, Plaintiffs' opposition, and the ap-

plicable law, Defendants' motion to dismiss will be **GRANTED**.

### Factual Background

On February 14, 2001, Plaintiff Cordero purchased 100% of the stock of Paris–Paris Boutique from Co-defendant Hernández. In exchange for this stock, Cordero assumed $156,000.00 in debt owed by Hernández to First Bank of Puerto Rico and paid Hernández $69,000.00 in cash. In purchasing said stock, Cordero assumed control of all the assets of Paris–Paris Boutique, including the boutique's merchandise. Sometime after the sale, Hernández opened a shop named El Sol de Puerto Rico. El Sol de Puerto Rico is located in the same building and sells merchandise similar to that of Paris–Paris Boutique. Soon after, on May 24, 2001, Plaintiffs filed a voluntary Chapter 11 petition in the United States Bankruptcy Court.

### Procedural History

Plaintiffs are currently involved in a Chapter 11 bankruptcy proceeding. In addition to their bankruptcy proceedings, Plaintiffs moved to bring suit in the District Court against the Defendants in a non-core proceeding pursuant to 28 U.S.C. § 157(c)(1) seeking injunctive, declaratory, and monetary relief for fraud and breach of contract (**Docket # 1**) since they did not consent to the entry of final judgment by a bankruptcy judge, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure. Under the recommendation of Bankruptcy Judge Enrique M. Lamoutte, the case was removed from Bankruptcy Court to the District Court. The case was then referred to Senior Judge Jaime Pieras. In their claim, Plaintiffs allege that Defendants Hernández and Moll misrepresented the value and profitability of Paris–Paris Boutique. Plaintiffs furthermore alleged that Defendant Hernández breached her contract with Plaintiff Cordero in en-

gaging in unfair competition by opening El Sol de Puerto Rico next to Paris–Paris Boutique. On October 7, 2001, Judge Pieras denied Plaintiffs' motion for preliminary injunction due to Plaintiffs' failure to demonstrate their likelihood of success on the merits (**Docket # 19**).

On April 30, 2002, Plaintiffs amended their complaint to include a cause of action against Defendants under the RICO Act, 18 U.S.C. § 1964(c) (**Docket # 57**). Plaintiffs alleged that Defendants Hernández and Moll violated Section 1964(c) by injuring Plaintiffs' business through association with an enterprise engaging in a pattern of racketeering, specifically wire fraud. Defendants subsequently moved to dismiss all RICO claims against them for failure to meet the pleading standard for claims brought under the RICO Act (**Docket # 71**). In turn, Plaintiffs filed an opposition to Defendants' motion to dismiss (**Docket # 75**). Thereafter, the case was transferred to the undersigned.

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Education*, 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez*, 903 F.2d at 52 (stating dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle*, 142 F.3d at 508 (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)). *See also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Wash. Legal Foundation v. Mass. Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993).

**Applicable Law and Analysis**

In their motion to dismiss, Defendants allege that Plaintiffs have failed to state a claim on which relief can be granted because Plaintiffs have not alleged the minimum statutory requirements for an action under Section 1964(c) of the RICO Act. *See* Docket # 71. Specifically, Defendants aver that Plaintiffs have failed to plead with sufficient specificity the predicate acts required under Section 1961 and, as such, Plaintiffs have failed sufficiently plead a

pattern of racketeering activity as required under Sections 1961, 1962, and 1964(c). In their opposition, Plaintiffs argue that they sufficiently pled the required predicate acts to established a pattern of racketeering activity under Section 1961(1), (5) by averring that Defendants engaged in several acts of wire fraud in advancement of their fraudulent enterprise. *See* Docket # 75.

 The RICO Act provides for a private right of action for "any person injured in his business or property by reason of a violation of § 1962 ..." 18 U.S.C.1964(c). In this case, Plaintiff bases her RICO claims on § 1962(c), which makes it unlawful for any person to conduct the affairs of an enterprise affecting interstate commerce through "a pattern of racketeering activity." 18 U.S.C. § 1962(c). The Act provides a list of what activities constitute "racketeering activity" and states that a "pattern" of such activity requires at least two predicate acts of racketeering. 18 U.S.C. §§ 1961(1), (5). Therefore, in order to state a claim under the RICO Act, a plaintiff must show that the injuries of which the plaintiff complains were caused by one or more of the specified acts of racketeering. *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 48 (1st Cir.1991).

 In the case at bar, Plaintiffs allege that they have suffered injuries as result of several acts of wire fraud committed by Defendants Hernández and Moll, all in violation of 18 U.S.C. § 1343. *See* Docket 71. The First Circuit has held that in civil RICO claims alleging mail or wire fraud, Fed.R.Civ.P. 9(b) applies and, thus, a **plaintiff must plead those acts with specificity.** *New England Data Servs. Inc. v. Becher,* 829 F.2d 286, 290 (1st Cir.1987)(emphasis ours). To plead with specificity in RICO, "the plaintiff must go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communication perpetrating that fraud." *Id.* at 291.

 In their Amended Complaint, Plaintiffs stated that Cordero had several personal and telephone conversations with the Defendants and others. Plaintiffs then proceeded to list the numerous fraudulent claims the Defendants and others made to Cordero in those personal and telephone conversations. *See* Docket 57. However, these allegations do not meet the pleading requirements under Rule 9(b) in order to constitute a claim for wire fraud. Even though Plaintiff does state the content of the communications, she does not state the time or place of the wire communications.

Moreover, Plaintiff fails to indicate which fraudulent statements were made by which Co-defendant, when such statements were made, and whether those statements were made on the telephone or in person. Other sister districts have found that similarly pleaded allegations do not meet the standard for a RICO Act claim under Rule 9(b). *See Foley v. Plumbers & Steamfitters Local 149,* 109 F.Supp.2d 963, 970 (C.D.Ill.2000); *Marshall v. AFGE,* 996 F.Supp. 1334, 1338 (W.D.Okla.1998). Specifically, the Northern District of Illinois has held that a complaint that alleges numerous instances of wire fraud without specifying **which defendant made use of the wires on those particular occasions, the dates of use, as well as the exact frequency of such use did not sufficiently plead predicate acts under RICO.** *Ahmed v. Rosenblatt,* 118 F.3d 886, 889 (1st Cir.1997) (holding that plaintiff failed to show required predicate acts by failing to supply the times, places, and contents of wire communications in his wire fraud RICO claim); *Bajorat v. Columbia–Breckenridge Dev. Corp.,* 944 F.Supp. 1371, 1381 (N.D.Ill.1996). We could not agree more.

·In this case, Plaintiffs' amended complaint has left the Court in a limbo in where it must speculate when and where wire communications took place, who took part in said communications, and what was said by each Co-defendant in the communications. Given the lack of specificity in Plaintiffs' complaint, Plaintiffs cannot be said to have sufficiently plead wire fraud under Rule 9(b). *Becher*, 829 F.2d at 921. As such, Plaintiffs have failed to allege that Co-defendants committed any predicate acts under the RICO Act.

Furthermore, even if Plaintiffs had pled wire fraud with the required specificity, they would still have failed to state a claim on which relief could be granted. In this case, Plaintiffs state that the several telephone conversations Cordero sustained with the Co-defendants were predicate acts of wire fraud under Section 1961(1). Under the RICO Act, predicate acts are acts indictable under any one or more of certain specified criminal laws. *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir.1991). This includes the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343[1]. *Id.* The essential elements of wire fraud under 18 U.S.C. § 1343 are (1) the existence of a scheme to defraud and (2) the use of **interstate** communications in furtherance of that scheme. *United States v. Santagata*, 924 F.2d 391, 393 (1st Cir.1991) (citing *United States v. Serrano*, 870 F.2d 1, 6 (1st Cir.1989)) (emphasis added).

In the case at bar, Plaintiffs have not stated where the telephone communications with Co-defendants took place. However, as Cordero resides in Puerto Rico and Defendants have their principal place of businesses in Puerto Rico, the only reasonable inference that can be made is that all their telephone conversations took place in Puerto Rico. *See Utz v. Correa*, 631 F.Supp. 592, 595 (S.D.N.Y.1986) (stating that, due to the plaintiff's failure to state the location of several communications with the defendants, the court could infer that all communications between the parties took place in New York City). Under RICO, an act of wire fraud cannot be considered a racketeering activity unless it violates the federal wire fraud statute. *H.G. Gallimore, Inc. v. Abdula*, 652 F.Supp. 437, 449 (N.D.Ill.1987). An essential element of the federal wire fraud statute is the use of interstate communication lines. *Efron v. Embassy Suites*, 47 F.Supp.2d 200, 205 (D.P.R.1999) (citing *Bernstein v. Misk*, 948 F.Supp. 228 (E.D.N.Y.1997)); *Brooke v. Schlesinger*, 898 F.Supp. 1076 (S.D.N.Y. 1995); *H.G. Gallimore, Inc. v. Abdula*, 652 F.Supp. 437, 449 (N.D.Ill.1987). Here, Plaintiffs did not allege that telephone communications between Cordero and Defendants went outside of Puerto Rico. Thus, Plaintiffs has only pled the use of *intrastate* communications as wire fraud, which are outside of the reach of the statute. As such, Plaintiffs have failed to plead RICO predicate acts as required by 18 U.S.C. §§ 1961(1), 1962(c).

The Court is aware that under *Becher* a district court should make a second determination as to whether further discovery is warranted and, if so, whether the plaintiff should be allowed to amend his/her complaint after this discovery before granting a motion to dismiss. *Becher*, 829 F.2d at 290. However, we find that in the instant case, and in light of the current stage of the proceedings, no such discovery is warranted. Plaintiffs have had ample

---

**1.** 18 U.S.C. § 1343, the federal wire fraud statute, specifically prohibits a person from " obtaining money or property by means of fraudulent pretenses… by means of wire, radio, or television communication in interstate or foreign commerce…"

time, specifically **three years**, in which to conduct discovery and have done so. In fact, the Court has previously considered and granted Plaintiffs' requests to compel further discovery. *See* Dockets 52, 82 & 87. Moreover, Plaintiffs have already amended their complaint once (**Docket # 57**). We are oblivious of Plaintiffs' reasons for failing to correct the pleading deficiencies in their amended complaint. As such, we find that Plaintiffs have conducted sufficient discovery and have had ample time to adequately satisfy the pleading standards of a claim under the RICO Act. Thus, there is no need for the Court to grant additional discovery time nor leave to amend the complaint for a second time.

Accordingly, we must conclude that Plaintiffs have failed to plead the RICO predicate act of wire fraud with the required specificity and have failed to show that the alleged telephone communications constituting wire fraud were qualified wire communications within the reach of federal law. Thus, Plaintiffs have not stated a claim on which relief can be granted. Given Plaintiffs' failure to allege specific predicate acts, we find it unnecessary to discuss whether Plaintiffs sufficiently pled a pattern of racketeering activity under RICO. As such, Defendants' motion to dismiss is **GRANTED** and Plaintiffs' RICO Act claims will be **DISMISSED WITH PREJUDICE.**

**Claims under the Court's Supplemental Jurisdiction**

Plaintiffs have also asserted Commonwealth breach of contract and fraud claims under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, given that Plaintiffs' RICO Act claim has been dismissed, the Court declines to exercise jurisdiction over the remaining claims. It is hornbook law that a district court has discretion to exer-

cise supplemental jurisdiction over the state law claims where the state and federal claims derive from a common nucleus of operative facts. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Nevertheless, where, as here, all federal claims against Defendant warrant dismissal prior to trial, the district court should decline to exercise supplemental jurisdiction.

It has been stated that the holding in *Gibbs* "seems to clearly require dismissal without action on the merits and without any exercise of discretion if all the federal claims ... are found to be short of trial, deficient." *Snowden v. Millinocket Reg'l Hosp.*, 727 F.Supp. 701, 709 (D.Me. 1990). Such a result is warranted in view that "[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the law suit." *Newman v. Burgin*, 930 F.2d 955, 963 (1st Cir.1991).

Although district courts are not obliged to dismiss pendent state law claims, in the usual case in which all federal law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness and comity-will point toward declining to exercise jurisdiction over the remaining state law claims. In such a case, state-law claims should be dismissed. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 5, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *citing Gibbs*, 383 U.S. at 726–27, 86 S.Ct. 1130; *see also Mercado–Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir. 1992); *Rivera v. Murphy*, 979 F.2d 259, 264 (1st Cir.1992); *Figueroa Ruiz v. Alegria*, 896 F.2d 645 (1st Cir.1990); *cf. Vega v. Kodak Caribbean*, 3 F.3d 476, 478 (1st Cir.1993) (holding that "when the district

court disposed of the ADEA claims, the pendent claims became subject to dismissal for want of subject matter jurisdiction"); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 47 (1st Cir.1991) (stating that "since federal question jurisdiction hinged on that [dismissed] count, and there was no complete diversity of citizenship or other cognizable basis for the assertion of subject matter jurisdiction in the district court, the pendent state law claims were properly dismissed under the rule of *United Mine Workers v. Gibbs* ").

The Supreme Court has held that judicial economy, convenience, fairness and comity favors "a decision to relinquish jurisdiction when state issues predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought." *Carnegie–Mellon*, 484 U.S. at 350 n. 5, 108 S.Ct. 614, *citing Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. Therefore, Plaintiffs' claims against Co-defendants Hernández and Moll under the laws of the Commonwealth of Puerto Rico will be **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**