Carlos DAVILA UVILES,
et al., Plaintiffs

v.

**RYS INTERNATIONAL CORPORATION, et al., Defendants.**

**Civil No. 05–2163(JAG).**

United States District Court,
D. Puerto Rico.

Aug. 10, 2006.

---

Lydia M. Ramos–Cruz, Lausell & Carlo, PSC, San Juan, PR, for Plaintiffs.

Alfredo Castellanos–Bayouth, Castellanos & Castellanos PSC, Janice L. Richardson–Zamora, Lugo Miranda Law Office, Luis A. Guzman–Dupont, Luis A. Guzman Dupont Law Office, San Juan, PR, for Defendants.

Noel Alicea, Carolina, PR, pro se.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On November 11, 2005, a group of individuals (collectively "plaintiffs") filed a Complaint against RYS International Corporation ("RYS") and others (collectively "defendants"), seeking treble damages, costs, and attorneys fees for alleged violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), breach of contract, negligence, and unjust enrichment (Docket No. 1). The Court's jurisdiction is premised upon the existence of a federal question pursuant to 28 U.S.C. § 1331. Plaintiffs also invoke this Court's supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. On February 2, 2006, co-defendants Alejandro Lopez Deynes ("Lopez") and Edna Rodriguez Colon ("Rodriguez") moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), arguing that the RICO allegations asserted against them either fail as a matter law or are not pled with the particularity required by Fed.R.Civ.P. (9)(b) (Docket No. 25). Lopez and Rodriguez further urge that, with dismissal of the federal RICO claim, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims (*Id.*). On March 8, 2006, plaintiffs filed an opposition (Docket No. 33). For the reasons discussed below, this Court **DENIES** defendants' motion.

### STATEMENT OF FACTS

RYS is a corporation under the laws of the Commonwealth of Puerto Rico where it maintains its principal place of business. All of the individuals named as defendants in this suit are alleged to be officers, representatives, and/or agents of RYS which, since around 2001, has offered investment opportunities to private investors.[1] All of

---

1. Although Global Reach Trading, Inc. ("Global") is also named as a corporate de-

the plaintiffs to this suit have invested with RYS by entering into investment contracts which promised a guaranteed interest return payable either periodically or in a lump sum at the end of the contract term. Whether because of default on the periodic interest payments or because the contract term had ended, plaintiffs eventually began demanding return of their principal investments along with the accrued interest. Defendants failed to return these monies and so plaintiffs filed this action claiming that defendants have fraudulently obtained millions of dollars from them through an investment plan which never existed. In addition to several garden-variety state law claims, plaintiffs allege generally that defendants have violated RICO § 1962(c) through predicate acts of mail fraud, wire fraud, racketeering, money laundering, and securities fraud as well as RICO § 1962(d) by conspiring to violate RICO § 1962(c).

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

■ Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa-Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988).

## DISCUSSION

### A. *RICO § 1962(c) Allegations*

■ RICO § 1962(c) states that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). In order to state a claim under § 1962(c), a plaintiff must allege "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The issue now before this Court is whether plaintiffs' complaint sufficiently alleges that defendants Lopez and Rodriguez engaged in the predicate acts necessary to constitute a pattern of racketeering activity.

Plaintiffs' complaint alleges that defendants have engaged in a pattern of racketeering activity involving predicate acts of

---

fendant, plaintiffs' complaint alleges that "Global and RYS are the same and one entity." (Docket No. 1, ¶ 109). Accordingly, this Court will refer to both entities collectively as "RYS."

mail fraud, wire fraud, securities fraud, racketeering, money laundering, and conspiracy to defraud. With respect to Lopez and Rodriguez, however, the Court finds that several of these alleged predicate acts fail as a matter of law. Specifically, plaintiffs' RICO § 1962(c) claim against Lopez and Rodriguez cannot be premised on alleged predicate acts of securities fraud, racketeering, or conspiracy to defraud.

██ First, 18 U.S.C. § 1964(c) states that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962" unless the individual charged with that conduct has been "criminally convicted in connection with the fraud...." Since the complaint does not allege that either Lopez or Rodriguez has ever been convicted of securities fraud, plaintiffs' RICO claim cannot rest on such an alleged predicate act. *See Fleet Credit Corp. v. Sion*, 893 F.2d 441, 444 (1st Cir.1990) (Court "has no duty to conjure up unpled allegation in order to bolster the plaintiff's chances of surviving a 12(b)(6) motion to dismiss") (internal quotations omitted). Second, the Court finds plaintiffs' assertion that defendants engaged in "racketeering activity involving the predicate act[ ] of ... racketeering," (Docket No. 1, ¶¶ 125 and 128), to be nothing more than tautology and, accordingly, disregards the allegation. Third, conspiracy does not constitute racketeering activity as defined by 18 U.S.C. § 1961(1) and thus cannot be asserted as a predicate act. Conspiracy, however, is listed as a separate RICO offense under 18 U.S.C. § 1962(d) and, thus, the Court will examine such allegation separately from the predicate act analysis. Having now reduced plaintiffs' complaint to alleged predicate acts of mail fraud, wire fraud, and money laundering, the Court will proceed to examine each allegation to determine whether it was pled with the requisite particularity.

### 1. Mail Fraud and Wire Fraud

██ Although the Federal Rules of Civil Procedure are relatively liberal in requiring only general allegations in a complaint, *see* Fed.R.Civ.P. 8, plaintiffs are held to a higher standard of pleading when alleging fraud. Specifically, Fed.R.Civ.P. 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Both this Court and the First Circuit Court of Appeals have held that in civil RICO claims alleging mail or wire fraud, Fed.R.Civ.P. 9(b) applies such that plaintiffs must plead those acts with specificity. *Hernandez v. Ballesteros*, 333 F.Supp.2d 6, 11 (D.P.R.2004) (*citing New England Data Servs. Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir.1987)). In particular, plaintiffs are required "to go beyond a showing of fraud and state the *time, place and content* of the alleged mail and wire communications perpetrating that fraud." *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir.1991) (emphasis added). After examining the complaint, the Court finds that, with respect to Lopez and Rodriguez, plaintiffs' allegations of mail and wire fraud are not pled with the requisite particularity and thus cannot be relied on to maintain their RICO § 1962(c) action.

First, with respect to Rodriguez, the complaint fails to specifically allege a single instance in which she used the mail or interstate wire, let alone the time, place, and content of such communication. Furthermore, plaintiffs' general allegation that *defendants* engaged in "a pattern of racketeering activity involving the predicate acts or mail fraud [and] wire fraud," (Docket No. 1, ¶¶ 125 and 128), also lacks the necessary specificity and amounts, in all reali-

ty, to nothing more than mantra-chanting. *See Feinstein*, 942 F.2d at 42 ("It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial"). Consequently, with respect to Rodriguez, the alleged predicate acts of mail fraud and wire fraud fail for lack of particularity.

■ In contrast to the paucity with which Rodriguez is mentioned in the complaint, the frequency with which Lopez is referred to makes him a relative celebrity. Most of these references, however, contain nothing more than allegations that certain plaintiffs learned about the RYS investment plan through Lopez and subsequently invested in it based on his representations. While these allegations may amount to some form of fraud [2], they fall well short of pleading predicate acts of mail fraud or wire as there is absolutely no mention of the mail or the wire. *See Giuliano v. Fulton*, 399 F.3d 381, 388 (1st Cir.2005) (refusing to "credit generic allegations of common law fraud that do not implicate the mails or wires, as these acts do not constitute racketeering activity under RICO"). Similarly, allegations of broken promises made by Lopez during face-to-face *meetings* succumb to the same failing in that neither the mail nor the wire are implicated.

Furthermore, the two instances in which the complaint alleges at least some semblance of a nexus between Lopez and the mail or interstate wire both fail for lack of particularity. For instance, ¶ 51 of the complaint states that around August, 2005, one of the plaintiffs *contacted* Lopez to request return of his investment at which time Lopez "explained that there was no risk in the private investment program;

that he should request the return of his money in writing; and that he would get his money back." (Docket No. 1, ¶ 51). The first shortcoming of this allegation is that although a "contact" is alleged, there is no specificity as to its mode, thus leaving the Court to speculate as to whether it was by wire, mail, smoke signal, or carrier pigeon. *See Id.* (stating that the Court "will not imply or read into the … complaint a mail or wire connection where it is not specifically alleged"). Second, although an approximate time and content are alleged, the location remains a mystery. Without such "rudimentary information," *see Feinstein* 942 F.2d at 42 (referring to the time, place, and location of the alleged fraud as "rudimentary information"), the allegation falls well short of the particularity required to plead a predicate act of mail or wire fraud. Similarly, ¶ 79, which states that on August 23, 2004, one of the plaintiffs requested the return of her money, in writing, by delivering a letter, addressed to a different defendant, to Lopez, also fails for lack of particularity. Not only is it unclear that Lopez ever placed the letter in the mail, but the location of such potential mailing is missing. Therefore, with respect to Lopez and Rodriguez, the allegations of mail fraud and wire fraud fail for lack of particularity.

### 2. Money Laundering

■ The only remaining predicate act alleged by plaintiffs is money laundering in violation of 18 U.S.C. § 1956. Unlike mail and wire fraud, allegations of money laundering are not subject to the particularity requirement of Fed.R.Civ.P. 9(b). *Leung v. Law*, 387 F.Supp.2d 105 (E.D.N.Y.2005). Instead, plaintiffs are only required to present "a short and plain statement of the

---

**2.** The Court, however, is in no way passing judgment on the merits of plaintiffs state law

claims against Lopez or any other defendant.

claim showing that [they are] entitled to relief." Fed.R.Civ.P. 8(a)(2). Moreover, "[i]n ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire and Marine*, 267 F.3d 30, 33 (1st Cir.2001). In light of this lenity, the Court finds that plaintiffs' complaint has sufficiently alleged a pattern or racketeering activity involving predicate acts of money laundering as required in order to maintain a RICO § 1962(c) action. Accordingly, at least at this stage in the proceedings, the Court cannot dismiss plaintiffs' money laundering claims as to Lopez and Rodriguez.

### B. *Becher Discovery*

■ Although the First Circuit has advised that "courts should strive to flush out frivolous [civil] RICO allegations at an early stage of the litigation," *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir.1990), they have also noted "the policy in favor of allowing amendments and trying cases on their merits, and against dismissals which would deny plaintiffs their day in court." *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 292 (1st Cir.1987). Accordingly, when it comes to allegations of mail and wire fraud in the RICO context, the First Circuit has held that "dismissal should not be *automatic* once the lower court determines that Rule 9(b) was not satisfied." *Id.* at 290. Instead:

> In an appropriate case, where, for example the specific allegations of the plaintiff make it likely that the defendant used [ ] mail or [interstate] telecommuni-

cations facilities, and the specific information as to use is likely in the exclusive control of the defendant, the court should make a *second* determination [3] as to whether the claim as presented warrants the allowance of discovery and if so, thereafter provide an opportunity to amend the defective complaint.

*Id.* (footnote added). After examining the complaint, the Court finds that the case at bar warrants allowance of discovery and subsequent leave to amend with respect only to the mail and wire fraud allegations.

■ This second bite at the apple is, of course, "neither automatic, nor of right, for every plaintiff." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997). But when, as here, plaintiffs have "provided an outline of a general scheme to defraud and established an inference that the mail or [interstate] wire was used to transact this scheme[,] requiring plaintiff to plead the time, place, and contents of communications between defendants, without allowing discovery, · in addition to interrogatories, seems unreasonable." *Becher*, 829 F.2d at 291. Moreover, because there are multiple defendants who likely communicated among themselves, "the burden on the plaintiff[s] to know exactly when the defendants called each other or corresponded with each other, and the contents thereof, is not realistic." *Id.* at 291. Accordingly, plaintiffs shall have sixty (60) days to conduct discovery and amend their complaint with respect to the allegations of mail and wire fraud.

### C. *RICO § 1962(d) Allegations*

■ Finally, in addition to the § 1962(c) claim, plaintiffs also allege that

---

**3.** Some cases note that this "second determination" should not be made "unless the plaintiff, at a bare minimum, suggests to the district court, in a timely manner, that a limited period of discovery will likely allow him to plug the holes in the complaint and requests leave (i) to conduct discovery for this limited purpose and (ii) thereafter to amend his complaint." *Feinstein*, 942 F.2d at 44. The Court notes that plaintiffs have so requested in their opposition.

Lopez and Rodriguez conspired to defraud plaintiffs in violation of RICO § 1962(d) which states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). A "RICO conspiracy does not require proof that a defendant 'himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under § 1962(c).'" *United States v. Cianci,* 378 F.3d 71, 90 (1st Cir.2004) (*quoting Salinas v. United States,* 522 U.S. 52, 61, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997)). Instead, § 1962(d) only requires that the defendant "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, [i.e.] that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas v. United States,* 522 U.S. 52, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). The Court finds that plaintiffs allegations that Lopez was an agent and contact link between plaintiffs and defendants, was instrumental in convincing plaintiffs to make investments, and received commissions for referral of new investment clients adequately support such the inference that Lopez had adopted the goal of furthering the endeavor. *See United States v. Boylan,* 898 F.2d 230, 241–42 (1st Cir.1990) ("[t]he conspiratorial agreement need not be express so long as its existence can plausibly be inferred from the defendants' words and actions and the interdependence of activities and persons involved"). Therefore, the Court finds that the complaint sufficiently alleges that Lopez participated in a conspiracy to defraud plaintiffs in violation of § 1962(d).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' motion to dismiss and grants plaintiffs sixty (60) days to conduct discovery and amend the complaint with respect to the use of the mail and interstate wire.

IT IS SO ORDERED.